COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SCOTT SLAGLE, | § | |
| | | No. 08-09-00211-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 352nd District Court |
| JOSH PRICKETT, M.D., NIKKI LONG, | § | |
| M.D. AND NALINI REDDY, M.D., | | of Tarrant County, Texas |
| | § | |
| Appellees. | | (TC# 352-232612-08) |
| | § | |

## **O P I N I O N**

Appellant, Scott Slagle, appeals the trial court's judgment, dismissing his health care liability case against Appellees, Dr. Nalini Reddy, Dr. Josh Prickett, Dr. Nikki Long, and Diane Ott. In six issues on appeal, Slagle complains of the trial court's entry of summary judgment and dismissal of the case, alleges violations of the federal and state constitutions, alleges there was *ex parte* communication, and challenges the trial court's failure to rule on his special exceptions. For the following reasons, we affirm.

## BACKGROUND

On June 26, 2006, Slagle was admitted to Harris Methodist Hospital for injuries sustained from a motorcycle accident. While in the emergency room, Slagle was evaluated by Dr. Long, who ordered x-rays of Slagle's cervical spine, chest, right shoulder, lower left leg, and left knee. Dr. Long and Dr. Reddy interpreted the x-rays, finding a clavicle fracture of the shoulder, but no acute injury to Slagle's knee or leg. Accordingly, Slagle was sent home with treatment instructions and told to follow-up with an orthopedic surgeon in three days.

The next day, the hospital contacted Slagle, wanting to evaluate potential abnormalities found

in his cervical spine; however, Slagle did not go back to the hospital that day, noting that the cervical area in question was injured years prior to the accident. But on June 29, 2006, Slagle returned to the hospital with increasing pain, swelling, and redness in his leg. That day, Dr. Prickett evaluated Slagle and ordered an additional x-ray of his leg and an ultrasound of his knee. Dr. Reddy interpreted the x-ray as negative for injury, and Dr. Richard read the ultrasound as benign. Dr. Prickett counseled Slagle on the radiology results, related that he believed there to be a knee-joint effusion, issued warnings and precautions, and instructed him on the need for a follow-up. Slagle was then discharged.

On July 11, 2006, Slagle was evaluated by Dr. Kadoko, an orthopedic surgeon, who found a left foot drop with a sensory deficit over the dorsum of the foot and a depressed lateral tibial plateau fracture on his knee. Following knee surgery on July 13, 2006, Slagle claimed he suffered from peroneal neuropathy.

In October 2007, Slagle provided notice to the hospital of his intent to pursue a health care liability claim, and a similar notice was sent to Drs. Long, Prickett, and Reddy in July 2008. On September 5, 2008, Slagle filed his original petition against the hospital and the doctors, alleging various acts of medical negligence, gross negligence, and fraudulent misrepresentation. However, Slagle did not request issuance of or service of citation on the doctors until December 11, 2008. Once service was requested, the doctors were served within seven days.

Meanwhile, Slagle moved to nonsuit his claims against the hospital, and the trial court granted the same. Soon thereafter, the doctors moved for summary judgment, alleging that Slagle's suit was barred by limitations, that is, that although Slagle timely filed his original petition, he failed to diligently serve the doctors following the expiration of the limitations period. Despite Slagle's response, the trial court granted summary judgment in favor of Dr. Long and Dr. Prickett on May

15, 2009. Slagle then filed a third amended petition, attempting to add Diane Ott as a new party without leave of court. However, the record does not show that Ott was ever served, much less that Slagle requested issuance or service of citation on Ott. The trial court then granted Dr. Reddy's motion for summary judgment on June 17, 2009, and dismissed the case.

## DISCUSSION

Slagle brings six issues on appeal. The first contends that the trial court erred by dismissing his entire suit, including his claims against Diane Ott, when Ott was not a party to any of the doctors' motions for summary judgment. Slagle's second issue asserts that the two-year limitations period imposed by the Health Care Liability statute violates the Equal Protection Clause. In his third issue, Slagle contests whether the trial court violated the Open Courts provision found in the Texas Constitution. Issue Four alleges that the trial court erred by ruling on Dr. Reddy's motion for summary judgment after receiving an *ex parte* communication and before allowing Slagle the opportunity to respond to the same. And Slagle's fifth issue contests whether the trial court viewed the evidence in the light most favorable to him in ruling on the doctors' motions for summary judgment. Finally, Slagle's sixth issue asserts error when the trial court failed to rule on his special exceptions. For the reasons discussed below, we find no merit to any of the issues raised.

## Summary Judgment

Initially, we begin with Slagle's fifth issue, which challenges the trial court's summary judgment in favor of Appellees. Specifically, he asserts that the trial court failed to view the evidence in the light most favorable to him, the nonmovant. But after reviewing the pleadings and the record, we find no improper actions and hold that the trial court properly granted summary judgment in favor of Appellees based on Slagle's failure to meet the requisite limitations period.

*Standard of Review*

As a general rule, suit must be brought within the applicable statute-of-limitations period. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Zacharie v. U.S. Natural Res. Inc.*, 94 S.W.3d 748, 754 (Tex. App. – San Antonio 2002, no pet.). That means that before the statute of limitations has run, the plaintiff must file his petition and obtain service of citation on the defendant. *Gant*, 786 S.W.2d at 260; *Zacharie*, 94 S.W.3d at 754. However, if the plaintiff files suit within the limitations period but does not serve the defendant until after limitations has expired, his suit may not be time barred if the plaintiff exercised diligence in effecting service, which would then relate the date of service back to the date of filing. *Gant*, 786 S.W.2d at 260; *Zacharie*, 94 S.W.3d at 754.

Limitations is an affirmative defense and may serve as the basis for the trial court's summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991); *Griffin v. Hale*, No. 11-09-00146-CV, 2010 WL 2990726, at *1 (Tex. App. – Eastland July 29, 2010, no pet.) (mem. op., not designated for publication). We review a trial court's ruling on a motion for summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Like the trial court, we consider the summary-judgment record in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the movant. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *Dyess v. Harris*, 321 S.W.3d 9, 13 (Tex. App. – Houston [1st Dist.] 2009, pet. denied).

Once a defendant has affirmatively pled the defense of limitations and shown that service was obtained after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). The plaintiff must, therefore, present evidence of efforts he made to serve the defendant and explain every lapse in effort or period of delay. *Id*. To determine whether a plaintiff exercised due diligence, which is generally a question of fact, we examine (1) whether he acted as an ordinarily prudent person would have acted under the same or similar

circumstances; and (2) whether he acted diligently in effecting service up until the time the defendant was served. *Zacharie*, 94 S.W.3d at 754. However, "[a] lack of due diligence can be found as a matter of law if the plaintiff offers no valid excuse for lack of service or 'if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence.'" *Zacharie*, 94 S.W.3d at 754 (quoting *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App. – San Antonio 1999, pet. denied)). If the plaintiff's explanation for the delay raises a material fact issue concerning diligence, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff's explanation is not sufficient. *Proulx*, 235 S.W.3d at 216.

*Application*

Initially, we must decide when Slagle was required to file his original petition. Dr. Long's last date of treatment was June 26, 2006, and Dr. Prickett's and Dr. Reddy's last day of treatment was June 29, 2006. As Slagle timely gave written notice of his health care liability claim to Harris Methodist Hospital, one of the original named defendants, he was required to bring his suit within two years and seventy-five days from the date of the doctors' last treatment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011) (providing a two-year statute of limitations for health care liability claims); TEX. CIV. PRAC. & REM. CODE ANN. § 74.051 (West 2011) (providing for an additional seventy-five days if written notice of the claim is served upon one of the defendants or potential defendants). Therefore, Slagle was required to file suit against Dr. Long by September 9, 2008, and against the other doctors by September 12, 2008. Here, he filed his suit on September 5, 2008. Accordingly, Slagle timely filed suit within the applicable limitations period.[1]

---

[1] In his response to Appellees' motion for summary judgment, Slagle argued that the limitations period did not expire until February 2009, asserting that he was still on pain medication and focused on healing and recovery. However, the relevant statute provides that an action for a health care liability claims accrues either on the date of the occurrence of the breach or tort, the last date of the relevant course of treatment, or the last date of the relevant hospitalization. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). If the date the alleged tort occurred is ascertainable, limitations must begin on that date and further inquiry into the other categories is unnecessary. *Earle*

Nevertheless, Slagle did not request issuance of citation or service of citation for any of the doctors until December 11, 2008, approximately three months after he filed his original petition and after the expiration of the limitations period. Because the doctors affirmatively pled the defense of limitations and conclusively established that service was obtained after the limitations period expired, the burden shifted to Slagle to explain the delay. *Proulx*, 235 S.W.3d at 216.

In his response to Appellees' motion for summary judgment, Slagle did not dispute that he did not request service until December but merely excused his actions based on a conversation he had with Diane Ott, Appellees' insurance adjuster, who allegedly represented to him that she needed more time to evaluate the case. According to Slagle, he waited to issue the citations as a professional courtesy. However, Slagle's excuse does not demonstrate any steps he took to obtain service during the three-month period. Rather, he merely attempts to excuse why he did nothing. But when a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing. *See Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App. – Texarkana 1997, no writ) ("An excuse of diligence must involve diligence to seek service of process."); *see also Rodriguez*, 13 S.W.3d at 51 ("Because Rodriguez's proffered excuse does not involve diligence in attempting to effectuate service, we find that her explanation is not valid, and therefore, it fails to raise a fact issue on diligence."). As Slagle's explanation raised no material fact issue concerning diligence, the burden never shifted back to the doctors to conclusively show why, as a matter of law, Slagle's explanation was not sufficient. *Proulx*, 235 S.W.3d at 216.

---

*v. Ratliff*, 998 S.W.2d 882, 887 (Tex. 1999); *Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex. 1998). According to Slagle's pleadings, the alleged malfeasance occurred on June 26, 2006, and June 29, 2006. Therefore, the limitations period began running from those dates. The statute does not provide that the limitations period starts from the date the litigant is fully healed or ends his pain medication, and Slagle does not again raise this argument on appeal. As such, we will utilize June 26, 2006, and June 29, 2006, as the applicable dates.

Because Slagle took no actions to obtain service for the three months following the expiration of the limitations period, we hold that he failed to exercise due diligence in procuring service as a matter of law. Moreover, as Slagle did not dispute that he failed to serve the doctors until December, we find that the trial court did not fail to view the evidence in the light most favorable to Slagle. In short, the record conclusively established that his suit was barred by limitations, and the trial court did not err in granting Appellees' motion for summary judgment. *See Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App. – Dallas 2009, no pet.) (holding suit barred by limitations when plaintiff failed to explain thirty-one day delay between expiration of limitations and service); *Rodriguez*, 13 S.W.3d at 51 (upholding summary judgment based on expiration of limitations because plaintiff failed to explain twenty-five day delay between expiration of limitations and service); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App. – Dallas 1996, writ denied) (upholding summary judgment based on expiration of limitations because plaintiff failed to explain eighteen-day delay between expiration of limitations and service). Issue Five is overruled.

## Equal Protection

In Issue Two, Slagle complains that the two-year limitations period imposed by the Health Care Liability statute violates the Equal Protection Clause. Specifically, Slagle contends that those persons, who are under the influence of mind-altering medication and recuperating from injuries, are unable to determine whether a health care provider violated a standard of care, consult with a physician on the matter, and then meet the time constrictions imposed by the statute. We, however, do not reach Slagle's constitutional challenge as the record demonstrates that he was not harmed by the limitations period. *See VanDevender v. Woods*, 222 S.W.3d 430, 432 (Tex. 2007) (noting that courts should rest decisions on non-constitutional grounds, if available, and not "wade into ancillary constitutional questions"); *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only

decide constitutional questions when we cannot resolve issues on nonconstitutional grounds.").

As discussed above, Slagle discovered his alleged injury while there was still a reasonable time to file suit and did file suit. Indeed, Slagle retained counsel and gave notice of his intent to sue sixteen months after the accident occurred. He then filed his original petition within the two-year and seventy-five day window. Although Slagle waited to request service of the citations, it was not because he could not request it but rather that he purposely chose not to as we already discussed above. But that does not demonstrate that Slagle lacked an adequate time to discover his injuries and file suit because as the record reflects, Slagle timely filed his original petition. Simply, based on the facts of this case, Slagle was not harmed by the operation of the limitations period in this case, and therefore, we need not reach his equal protection challenge. *See Lott v. Bexar County Sheriff's Dep't*, No. 04-97-00088-CV, 1998 WL 635284, at *3 (Tex. App. – San Antonio Sept. 16, 1998, no pet.) (refusing to reach the constitutionality of certain civil service commission rule when appellant was not harmed under Texas Rule of Appellate Procedure 44.1(a)). Moreover, even if we were to reach the issue, for the same reasons discussed above, that is, that Slagle discovered his injuries while there was still a reasonable time to sue, the statute did not operate unconstitutionally as applied to him. *See Morrison v. Chan*, 699 S.W.2d 205, 207 (Tex. 1985) (because plaintiff discovered the injury within the limitations period, the statutory limitations period was not unconstitutional as applied to her). Issue Two is overruled.[2]

---

[2] In two conclusory sentences, Slagle also contends that the monetary cap placed on health care liability claims is unfair. Slagle does not cite any authority for his proposition, nor does he present any legal argument or analysis. Therefore, we find this portion of Slagle's issue inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that a brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Moreover, even if we were to hold the issue adequately briefed, we note that the Supreme Court has held that a monetary damage cap on medical malpractice claims is rationally related to the legitimate interests of the State as set out in the statute's purpose provision. *See Rose v. Doctors Hosp.*, 801 S.W.2d 841, 846 (Tex. 1990) (interpreting the former medical liability act). As an intermediate appellate court, we are bound to follow the Supreme Court's reasoning and hold that the cap does not violate the Equal Protection Clause. *See Hogan v. Hallman*, 889 S.W.2d 332, 339 (Tex. App. – Houston [14th Dist.] 1994, writ denied).

**Inadequate Briefing**

We now turn to Issues One, Three, Four, and Six, which challenge the trial court's dismissal of the case, whether the Open Courts provision found in the Texas Constitution was violated, whether the trial court erred by granting summary judgment after receiving an *ex parte* communication, and whether the trial court erred by failing to rule on Slagle's special exceptions. Finding the issues inadequately briefed, as discussed below, we hold that nothing is presented for our review and decline to address them.

*Diane Ott*

In Issue One, Slagle contends that the trial court erred by dismissing his lawsuit in its entirety. According to Slagle, although the trial court could have dismissed his suit against Drs. Reddy, Long, and Prickett, based on the summary judgments before it, the trial court lacked authority to dismiss the suit against Diane Ott, who was joined as a defendant under a distinct cause of action in his third amended petition. We decline to address this issue, finding it inadequately briefed.

Rule 38.1 of the Rules of Appellate Procedure mandates that a litigant's brief must contain a clear and concise argument for the contention made with appropriate citation to authorities to maintain the point at issue. TEX. R. APP. P. 38.1(i). When a litigant fails to cite any authority for his position, the issue is inadequately briefed, and we have discretion to deem the argument waived. *See Johnson v. Oliver*, 250 S.W.3d 182, 187 (Tex. App. – Dallas 2008, no pet.) (issue inadequately briefed when party presented no authority to support their contention or argument); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (holding appellate courts have discretion to deem points of error waived due to inadequate briefing). Here, Slagle's argument consists of only a few sentences, is conclusory, and offers no citation to any authority to support his contention. Consequently, we hold Issue One inadequately briefed and overrule the same. *See*

*Lozada v. Farrall & Blackwell Agency, Inc.*, 323 S.W.3d 278, 287 (Tex. App. – El Paso 2010, no pet.); *Gray v. Nash*, 259 S.W.3d 286, 294 (Tex. App. – Fort Worth 2008, pet. denied); *Johnson*, 250 S.W.3d at 187 (holding that appellants waived argument because they cited no authority whatsoever in support thereof).

*Open Courts*

Issue Three contends that the trial court's dismissal of the case violates the Open Courts Provision in the Texas Constitution. However, in support of this issue, Slagle merely cites the applicable standard of review. He does not apply that standard to the facts at hand. In fact, Slagle offers no argument or analysis at all. The appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made. TEX. R. APP. P. 38.1(i). A point of error not adequately supported by either argument or authorities is waived. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App. – Dallas 2006, no pet.). Here, because Slagle has provided no argument at all, we find the issue inadequately briefed and decline to address it. *See* TEX. R. APP. P. 38.1(i) (providing that a brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App. – Dallas 2007, pet. denied) (issue inadequately briefed when party gave general cite to case stating elements of cause of action but provided no argument or analysis); *Stephens v. Dolcefino*, 126 S.W.3d 120, 126 n.5 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) (issue inadequately briefed when party merely cited to the summary-judgment proof and standard of review without providing any argument or analysis). Issue Three is overruled.

*Ex parte Communication*

Slagle's fourth issue faults the trial court for rendering summary judgment after having received an alleged *ex parte* communication from Dr. Reddy's counsel. According to Slagle, he

should have been provided an opportunity to respond to the *ex parte* communication before the trial court entered its summary-judgment order.

The record reflects that following the summary-judgment hearing on June 11, 2009, Dr. Reddy's attorney provided a letter of authorities to the trial court on the same date.[3] According to the letter, a copy of the same was transmitted by facsimile to Slagle's counsel on the same date "in the event [that Slagle's attorney] wish[ed] to offer any comment or observation." The following day, Slagle asked the trial court for the opportunity to respond to the letter, and on June 15, 2009, Slagle submitted his own letter with argument and authority.[4] Two days later, the trial court signed its order granting Dr. Reddy's motion for summary judgment.

Initially, we note that Slagle's argument merely consists of a few conclusory sentences without citation to any authority holding that a trial court must give an opposing party the opportunity to respond to a letter of authorities before ruling on a summary-judgment motion. Accordingly, the issue is inadequately briefed. *See Lozada*, 323 S.W.3d at 287; *Gray*, 259 S.W.3d at 294; *Johnson*, 250 S.W.3d at 187. Moreover, even if we were to reach the merits, we note that the trial court did not grant the motion for summary judgment until six days after the letter was received. This not only gave Slagle time to respond to the letter, but the record shows that Slagle

---

[3] We recognize that summary-judgment hearings are rarely transcribed, and in this case, no transcription of the summary-judgment hearing appears in the record. Therefore, we do not know if the trial court requested further clarification on certain cases and the law at the hearing. Providing the court with additional law without request may be *ex parte* communication. However, in this case, Dr. Reddy's letter appears to be in response to some confusion concerning certain cases that were discussed at the hearing, and therefore, the trial court may have requested clarification. Nevertheless, we need not decide whether the letter was *ex parte* communication as Slagle's complaint relates solely to whether the trial court should have granted him the opportunity to respond to the letter before granting the summary judgment.

[4] Although Dr. Reddy contends that Slagle's letters may not be considered by this Court as they are attached to his brief, we note that they are also found in the clerk's record; therefore, we may consider these letters in our discussion of the issue. *Cf. Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App. – El Paso 2007, pet. dism'd); *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App. – Dallas 2006, no pet.); *Wright v. Sage Eng'g, Inc.*, 137 S.W.3d 238, 245 n.3 (Tex. App. – Houston [1st Dist.] 2004, pet. denied) (appellate court cannot consider documents attached to brief but not included in appellate record).

did respond. Although Slagle asserts in his subsequent letter to counsel that the trial court had already ruled on Dr. Reddy's motion for summary judgment at that time, the order granting the motion was not signed until a few days after Slagle submitted his letter response. Accordingly, the record does not support Slagle's assertion that the trial court granted Dr. Reddy's motion for summary judgment without providing him an opportunity to respond to Dr. Reddy's letter. Issue Four is overruled.

*Special Exceptions*

In Issue Six, Slagle asserts that the trial court erred by failing to rule on his special exceptions to Appellees' motions for summary judgment. According to Slagle, the trial court was required to rule once he asked it to do so. However, although Slagle asserts in his brief that he asked the trial court to take judicial notice of his special exceptions, he fails to provide a record citation for where his request can be found. No reporter's record was filed, and the clerk's record consists of over one thousand pages. We, as an appellate court, have no duty to search the record to find the complained-of action. *See Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App. – El Paso 2010, no pet.) (noting that appellate courts are not "required to sift through the record in search of facts supporting a party's position"). Moreover, we note that Slagle has failed to provide us with any citations to authority analogous to that uttered at bar. Having failed to provide any citations to the record or authority, we find that Slagle's sixth issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (requiring briefs to contain citations to the record); *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex. App. – Houston [1st Dist.] 1996, no writ) (an appellate brief must include a fair, condensed statement of facts pertinent to the points of error raised with references to pages in record where facts may be found, and appellate court is not required to search record without guidance to determine whether assertions regarding facts of case are valid); *see also Lozada*, 323 S.W.3d at 287; *Gray*, 259

S.W.3d at 294; *Johnson*, 250 S.W.3d at 187 (holding that appellants waived argument when they cited no authority in support thereof).

Nevertheless, we note that Slagle's request for the trial court to rule on his special exceptions is contained in his response to Appellees' motions for summary judgment. When a trial court grants a summary judgment on the motion to which the special exceptions pertain, the trial court has implicitly overruled the special exceptions. *See Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 824 n.3 (Tex. App. – Fort Worth 2008, no pet.); *Clement v. City of Plano*, 26 S.W.3d 544, 550 n.5 (Tex. App. – Dallas 2000, no pet.), *overruled on other grounds by Telthorster v. Tennell*, 92 S.W.3d 457, 464 (Tex. 2002); *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 795 n.9 (Tex. App. – Houston [14th Dist.] 2000, no pet.). Here, the summary-judgment order stated that the trial court considered the pleadings, the motion, and the responses on file, and Slagle's request to take judicial notice of his special exceptions was contained in his response to the doctors' motions for summary judgment. Therefore, by granting the summary judgment in this case, the trial court implicitly overruled the special exceptions, and thus, Slagle received a ruling on the same. *See Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App. – Fort Worth 1999, pet. denied) (where trial court's order granting summary judgment stated court had reviewed all "competent" evidence, record showed trial court had implicitly ruled on objections to summary judgment evidence). Issue Six is overruled.[5]

## CONCLUSION

Having overruled Slagle's issues, we affirm the trial court's judgment.

---

[5] As Slagle does not complain that the trial court should have granted his special exceptions, we do not reach that issue.

GUADALUPE RIVERA, Justice

July 13, 2011

Before Chew, C.J., McClure, and Rivera, JJ.