**AFFIRM; and Opinion Filed December 18, 2014.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01545-CV

**WALTER E. QUEZADA, Appellant**
**V.**
**LESLIE ALESE FULTON, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-05216-2011**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

The trial court granted appellee Leslie Fulton's motion for summary judgment based on the statute of limitations. In one issue, appellant Walter Quezada argues that the trial court erred by granting the motion because he diligently pursued service of citation on appellee. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On December 18, 2011, Quezada filed suit against Fulton seeking damages for injuries he sustained in a December 19, 2009 automobile collision. Fulton was one of three named

defendants.[1]  Fulton filed her answer on May 2, 2012.  She filed an amended answer on May 18, 2012, asserting the affirmative defense of limitations.

On August 12, 2013, Fulton filed her motion for summary judgment, asserting that she was not served with suit until April 23, 2012, four months after the expiration of the statute of limitations.  In support of her motion, Fulton filed a copy of the police report from the date of the collision which correctly reflected her address and telephone number.  In an affidavit, Fulton testified that she had resided at the same address in Sherman, Texas for over 20 years; her driver's license reflected the same address; and she was not contacted for service "in any way by anyone" prior to actual service of citation on April 23, 2012.  Steven W. Fulton, one of the other defendants (and Fulton's father), also filed an affidavit in which he testified to the same facts.

On August 22, 2013, Fulton supplemented her motion for summary judgment with deposition testimony.  Both she and Steven Fulton testified that the contact information listed on the police report was correct and had not changed since the date of the accident.  They both testified that no one contacted them about service between the date of the accident and April 23, 2012.

Quezada filed a response to Fulton's motion, attaching his own affidavit as well as affidavits from Terry P. Gorman, his lawyer, and Thomas C. Jackson, a process server.  Quezada asserted that on December 18, 2011, he electronically filed his original petition, requested citations for service on the defendants, and paid the necessary fees for preparation of the citations.  The address listed in the original petition for Fulton, however, was incorrect; the street was listed as "Gordon Road," but the correct street name was "Golden Road."

Gorman testified that in January 2012, he called Jackson and informed him that suit had been filed.  Although Gorman believed he asked Jackson to pick up the citations from the Collin

[1] Only Quezada and Fulton are parties to this appeal.

County District Clerk's office in January, he later realized he had not done so. On February 14, 2012, Gorman requested that Jackson pick up the citations. Jackson did so and made "numerous efforts to serve the Fultons." Jackson explained he could not find a Gordon Road in Sherman, but did find a "Gordon Street" and attempted service there twice, as well as seeking information from a neighbor there. He determined the address was incorrect, and searched in several public records for the correct information.

Jackson testified that he left a business card at the correct address on March 29 and April 5, 2012, but did not receive any response. A neighbor told him that Fulton had moved, possibly to Lewisville. On Facebook, Jackson learned that Fulton worked at a business in Lewisville and attended the Regency Beauty Institute. On April 18, 2012, Jackson attempted service at the place of employment but was told Fulton no longer worked there. He served her with citation on April 23, 2012, at the Regency Beauty Institute.

Gorman's affidavit also includes testimony that beginning in July, 2011, he made efforts to resolve Quezada's claim with Fulton's insurance company, but received no response. Gorman testified that although Quezada did not want to file suit, he was "[l]eft with no choice" when the insurance company failed to respond. He testified that on March 31, April 5, and April 9, 2012, before Jackson served Fulton, he contacted the insurance agents handling the claim, but has no record of any response to his letter or telephone messages.

The trial court granted summary judgment for Fulton. This appeal followed.

### DISCUSSION

A personal injury lawsuit is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014). Quezada's claim accrued when the collision occurred on December 19, 2009. Therefore, Quezada's suit filed on December 18, 2011 was brought just before the two-year limitations period expired. It is undisputed, however, that

service on Fulton did not occur until April 23, 2012, four months after the limitations period had expired. The mere filing of a petition will not toll the running of a statute of limitation. *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. Civ. App.—Dallas 1987, no pet.) (op. on reh'g). To interrupt the statute, the plaintiff must exercise due diligence in procuring the issuance and service of citation on the defendant. *Id.* The duty to exercise diligence continues until service of process is achieved. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied).

The supreme court has explained the summary judgment burden when an issue is presented regarding the diligence of service. *Proulx v. Wells*, 235 S.W.3d 213, 215–16 (Tex. 2007). Once a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Id.* "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* at 216. If the plaintiff's explanation is legally improper to raise the diligence issue, or demonstrates lack of due diligence as a matter of law, then the defendant bears no further burden. *Id.* "But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*

To determine if the plaintiff has raised a fact issue concerning his exercise of diligence, we examine whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances, and whether he acted diligently in effecting service up until the time the defendant was served. *See Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011, no pet.). Quezada provides no explanation for the delay during the six-week period between December 14, 2011 (when the lawsuit was filed) and February 14, 2012 (when Jackson

–4–

picked up the citation) other than Gorman's testimony that he thought he had asked Jackson to pick up the citation, but was mistaken. This testimony is insufficient to raise a fact issue on diligence for this period. *Id.* at 698. In *Slagle*, the plaintiff testified he waited to issue citations as a professional courtesy. *Id.* The court concluded:

> However, Slagle's excuse does not demonstrate any steps he took to obtain service during the three-month period. Rather, he merely attempts to excuse why he did nothing. But when a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing. . . . As Slagle's explanation raised no material fact issue concerning diligence, the burden never shifted back to the doctors to conclusively show why, as a matter of law, Slagle's explanation was not sufficient.

*Id.* (citations omitted).

Quezada offered some evidence regarding attempts at service after mid-February. Taking Quezada's evidence as true, we assume that Jackson left his business card at the correct address on March 29 and April 6, but received no response.[2] *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (evidence favorable to non-movant taken as true in deciding whether fact issue precludes summary judgment). Further, Jackson testified he made efforts between mid-February and the end of March to serve process at the wrong address, and attempted to determine the correct address.

---

[2] Quezada argues, without citation to authority, that Fulton is "estopped" from challenging the timeliness of service. His argument appears to be based on Fulton's "failure to contact Appellant's process server after he finally located an address for Appellee and repeatedly left his business card for Appellee." Jackson testified he left his business card at the correct address twice when he found no one at home. He also testified that neither Fulton nor her father called him in response. This evidence does not raise a fact issue that Fulton was evading service. Although Fulton's testimony that she was not contacted in any way prior to April 23 is contrary to Jackson's testimony, there is no evidence that she avoided or tried to avoid Jackson's attempts to serve her in person. In contrast, in *Proulx*, the summary judgment evidence showed the plaintiff utilized two process servers and two investigators in attempting to locate an address at which service could be effected. *See Proulx*, 235 S.W.3d at 217. Thirty service attempts were made at five different addresses, and the process server testified that the defendant was "moving from relative to relative and doing his best to avoid service from the courts and creditors." *Id.* The court concluded, "[i]n light of the evidence that was presented regarding Proulx's continuous investigation and repeated service attempts, coupled with evidence that Wells was deliberately avoiding service, we conclude that Wells failed to conclusively establish lack of diligence." *Id.* No similar evidence is presented here. In addition, equitable estoppel generally requires proof of fraud, which is not alleged here. *See, e.g., Fiengo v. Gen. Motors Corp.*, 225 S.W.3d 858, 861 (Tex. App.—Dallas 2007, no pet.) (plaintiff failed to demonstrate reasonable reliance on defendant's request that he postpone filing lawsuit, and therefore did not raise fact issue on equitable estoppel).

But there is no explanation for the delay, between mid-February and the end of March, for the difficulty in locating and serving Fulton when her correct address, telephone number, driver's license number, and license plate number were available in the police report describing the accident that is the basis for Quezada's lawsuit. Quezada's original petition alleged that "an officer with the Allen Police Department (being an expert in accident reconstruction and analysis) determined that Defendant Ms. Fulton's actions and omissions were the cause of the Accident." And Quezada testified that he obtained information about Fulton's insurance carrier "[d]uring the police officer's investigation of the Accident." But neither Gorman nor Jackson testified to any attempt to consult the police report or the police, even after Jackson realized that the address in the petition was incorrect.

The record reflects an unexplained delay of six weeks after Quezada's petition was filed. An additional six weeks elapsed before Fulton was served, even though the record reflected that information was readily available to correct the error made in the petition. Assuming Quezada's evidence raised a fact issue on his diligence, Fulton met her burden to conclusively show why, as a matter of law, Quezada's explanation for the delay was insufficient. *See Proulx*, 235 S.W.3d at 216. We conclude that the trial court did not err by granting Fulton's motion for summary judgment, and we overrule Quezada's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

131545F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WALTER E. QUEZADA, Appellant

No. 05-13-01545-CV     V.

LESLIE ALESE FULTON, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas

Trial Court Cause No. 429-05216-2011.

Opinion delivered by Justice O'Neill, Justices Lang-Miers and Brown participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee Leslie Alese Fulton recover her costs of this appeal from appellant Walter E. Quezada.


Judgment entered this 18th day of December, 2014.