# NO. 12-15-00029-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TONYA ALLEN DDS, P.A.,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SMITH COUNTY APPRAISAL*<br>*DISTRICT,*<br>*APPELLEE* | §<br><br>§ | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is a property tax appraisal dispute. Tonya Allen appeals from a summary judgment granted the Smith County Appraisal District based upon the District's plea that Allen's suit was barred by limitations. In one issue, Allen contends the trial court erred in finding that she had failed to exercise reasonable diligence in obtaining service of citation on the District. Alternatively, she contends that summary judgment was improper because a fact question existed as to her exercise of diligence in effecting service. We affirm.

## BACKGROUND

On November 26, 2013, Allen moved to correct the appraised value of her property in Lindale, Texas. The Smith County Appraisal Review Board issued an adverse determination on March 12, 2014, and Allen received the Review Board's order on March 14, 2014. Allen filed her appeal from the Review Board's decision on April 28, 2014, well before the sixty day limit provided for filing such an appeal.[1] However, Allen did not request or pay the fee for service of citation until August 6, 2014. The Appraisal District was served on August 11, 2014. The limitation period expired on May 13, 2014. The District answered on August 13, 2014, and on

---

[1] *See* TEX. TAX CODE ANN. § 42.21(a) (West 2015).

November 20, 2014, filed its first amended answer asserting Allen's suit was barred by limitations. Four days later, the Appraisal District asserted limitations in a motion for summary judgment, and the trial court granted the motion.

Allen contends the trial court erred in granting summary judgment because the summary judgment evidence demonstrates a fact issue exists regarding whether she exercised due diligence in securing service on the District.

**Standard of Review**

An appellate court reviews a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The party moving for summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). Once the movant has established its right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *Amedisys*, 437 S.W.3d at 511. The appellate court reviews the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id*.; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

**Applicable Law**

Mere filing of suit will not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 830 (Tex. 1990). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). The duty to exercise due diligence continues until service of process is achieved. *Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.).

When a defendant has affirmatively pleaded the defense of limitations and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx*, 235 S.W.3d at 216. "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id*. "[I]f the plaintiff's explanation for the delay raises a material fact issue

2

concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id*.

"In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id*. The two most important considerations in determining diligence are (1) the length of delay in service, and (2) the effort or lack thereof expended by the plaintiff in procuring service. *Id*.; *Webster v. Thomas*, 5 S.W.3d 287, 289-90 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

## Discussion

In her response to the Appraisal District's summary judgment motion, Allen included the affidavit of her counsel, who imputes the delay in service to confusion accompanying recently required electronic filing of court documents. However, he also denies any difficulty in timely procuring service in any other suit since the adoption of electronic filing. The first half of counsel's affidavit relates to problems and procedures with electronic filing generally. In that part of his affidavit pertinent to the instant case, Allen's counsel states, as follows:

> "In this case, the petition was timely filed within the sixty (60) day time limit as provided by the Texas Tax Code. When the petition was filed, the "e-file" box and the "service" box were both checked in the user interface. I have personal knowledge of this fact, as I observed it as my assistant filed the pleading. When tax suits are filed, it is common, in my experience, for the citations and service to often take some weeks to be completed, and it is also common for the lawyers representing taxing jurisdictions to ask for extensions of answer dates and other pleadings, due to time and schedule constraints, and we often reciprocate in courtesy if [sic] this type."

> "In this matter, which was filed just prior to May, 2014, we performed a routine diligence review of the file in July, 2014, and found no answer. My assistant then contacted the clerk of the Court, who informed her to call back when a particular clerk would be back at work. When she did so, that clerk informed her that no service has been completed, and we needed to send a letter requesting same. That letter was sent at the beginning of August, just over ninety (90) days after the petition was filed, and service was effectuated soon afterward. At no time, [sic] did we have any conscious indifference or lack of standard diligence in this matter, as we had relied upon the electronic filing as we have in many other suits in 2014. This was the only such suit where service was not effectuated by electronic filing simultaneous with filing of the petition."

Allen indirectly attempts to assign at least partial responsibility to the Smith County District Clerk for her failure to timely effect service. In her response to the District's motion for summary judgment, Allen stated "[t]he filing was noted as 'accepted' by the Smith County District Clerk, and no communication of any kind from the Smith County District Clerk informed the filing attorney or his office that any other action was required to effectuate service

of process. . . ." However, it is the plaintiff, not the process server or the district clerk, who is responsible for insuring that service is properly accomplished. TEX. R. CIV. P. 99a; *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied).

Allen filed her petition on April 28, 2014. The sixty day limitation period expired May 13, 2104. After counsel's diligence review in July, further delay for an unspecified period occurred while counsel attempted to verify the District's failure to answer her suit. Due diligence required a review to verify successful service before the running of limitations, not sixty days later. Unmentioned in counsel's affidavit is Allen's failure to properly request service or pay the fee therefor. When, after a three month delay in requesting service after filing suit, Allen requested service and paid the required fees, the District was served within five days.

Allen's explanation of why she did nothing for more than ninety days after filing her petition and for nearly three months after the expiration of limitations may demonstrate a "lack of conscience indifference" but it falls far short of demonstrating due diligence. And due diligence is the standard by which Allen's efforts must be evaluated. When a defendant complains of a lack of due diligence in service of process, the plaintiff must explain what steps she took to obtain service, not explain why she did nothing. *Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.—El Paso 2011, no pet.). Allen's explanation does not show diligence in attempting to effectuate service, and it fails to raise a fact issue concerning diligence. The record conclusively establishes that Allen's suit was barred by limitations, and the trial court did not err in granting the District's motion for summary judgment. Allen's sole issue is overruled. Because we have overruled Allen's sole issue, we do not address her alternative issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled Allen's sole issue, the judgment of the trial court is *affirmed*.

BILL BASS
Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Neeley, J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2015**

**NO. 12-15-00029-CV**

**TONYA ALLEN DDS, P.A.,**
Appellant
V.
**SMITH COUNTY APPRAISAL DISTRICT,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 14-1121-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **TONYA ALLEN DDS, P.A.,** for which execution may issue, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*