

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00053-CV

_____

RUBEN ALONZO, JR., Appellant

V.

FORT WORTH LAND & CATTLE CO., LLC; GARDNER SMITH & HILL, PLLC; AND DWAYNE W. SMITH, Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-334070-22

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Ruben Alonzo, Jr. appeals from the trial court's order granting Appellees Fort Worth Land & Cattle Co., LLC; Gardner & Smith, PLLC;[1] and Dwayne Smith's joint motion for summary judgment on their affirmative defense of limitations. In a single issue, Alonzo complains that the trial court erred by granting Appellees summary judgment because a fact issue exists regarding whether he had exercised diligence in effectuating service after limitations had run. We affirm.

## I. BACKGROUND

This appeal arises from a personal injury lawsuit. Alonzo alleges that on June 15, 2020, he fell while performing work on the Appellees' premises and sustained significant bodily injuries.

One day before limitations expired—on June 14, 2022—Alonzo filed suit against Appellees asserting causes of action for negligence and gross negligence. When the suit was filed, Linda Aleckner, Alonzo's then-attorney,[2] requested and paid

---

[1]Alonzo's petition incorrectly named Gardner & Smith, PLLC as "Gardner Smith & Hill, PLLC."

[2]At the time suit was filed, Alonzo was represented by Linda Aleckner of the Aleckner Law Firm. But for reasons unclear in the record, in September 2022, Alonzo's current counsel, Jeremy W. McKey, became involved in the case. While nothing in the record indicates that the Aleckner Law Firm has formally withdrawn from representation, Alonzo's response to Appellees' summary judgment motion, his notice of appeal, and his briefing in this court are all signed solely by Mr. McKey. The record does not elucidate as to whether the Aleckner Law Firm continues to represent Alonzo in this matter.

for citations for each of the Appellees but did not receive the requested citations back with the electronic file-stamped copy of the petition. On July 6—twenty-two days later—Alonzo's then-attorney received an e-mail from the trial court stating that although the citations had been paid for, they could not be issued until Alonzo paid for or provided physical copies of the file-stamped petition. But eight more days passed before, on July 14, Jake Mendoza, a legal assistant from the law office, filed a request to have the citations delivered electronically. Four days later, on July 18, the trial court e-mailed Mendoza the citations.

In the meantime, Mendoza had contracted COVID-19 and, due to his illness, was out of the office from July 15 through "the first week of August 2022." Shortly after returning to the office, Mendoza realized that the trial court had e-mailed him the citations, and sometime around August 5, Mendoza attempted to engage a process server to serve Appellees.

However, when he called the process server's office, the call went straight to voicemail. He left a message, but the call was never returned. He waited ten days—until August 15—to follow up with the process server. This time, he left a message with the receptionist. Although the receptionist said that Mendoza's call would be returned by the end of the day, Mendoza never received a return call.

Another twenty-five days passed until, on September 9, Mendoza contacted Alonzo's current counsel, Jeremy W. McKey, about the situation. McKey immediately contacted a different process server, and this second process server

3

promptly began attempting to serve Appellees. Service was successfully effectuated on Appellants one week later, on September 16. At that point, three months had passed since the lawsuit was filed.

After timely answering the lawsuit, Appellees filed a joint motion for summary judgment in which they asserted that Alonzo's claims were barred by limitations. In their motion, Appellees argued that although Alonzo had filed suit prior to the expiration of the limitations period, his suit was nevertheless time-barred because he had not served Appellees until after limitations had run and he had failed to exercise due diligence in effectuating service. After considering Appellees' summary judgment motion and Alonzo's response, the trial court granted the motion and dismissed Alonzo's claims with prejudice. This appeal followed.

## II. DISCUSSION

In his sole issue, Alonzo argues that the trial court erred by granting Appellees' summary judgment motion and dismissing Alonzo's claims with prejudice because Appellees have not conclusively established their limitations defense as a matter of law. Specifically, Alonzo asserts that a fact issue exists regarding whether he used due diligence in serving Appellees. We disagree.

### A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors

4

could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

**B. Applicable Law**

A statute of limitations establishes a time limit for suing in a civil case, *Goetsch v. Rolls*, No. 02-20-00263-CV, 2021 WL 733090, at *4 (Tex. App.—Fort Worth Feb. 25, 2021, pet. denied) (mem. op.) (citing *Statute of Limitations*, Black's Law Dictionary (11th ed. 2019)), and operates as an affirmative defense to a cause of action, *Dunmore v. Chi. Title Ins.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013, no pet.). The limitations period for personal injury claims is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

Filing a lawsuit does not stop the limitations period from running "unless the plaintiff exercises due diligence in the issuance and service of citation." *Proulx v. Wells*,

235 S.W.3d 213, 215 (Tex. 2007). The date of service will relate back to the filing date only "[i]f service is diligently effected after limitations has expired." *Id.*

In a summary judgment context, there are shifting burdens on the question of whether a plaintiff exercised due diligence in effecting service. A defendant meets its initial burden to establish a limitations defense by showing that service occurred after the limitations period expired. *Flanigan v. Nekkalapu*, 613 S.W.3d 361, 364 (Tex. App.—Fort Worth 2020, no pet.). With this showing in place, "the burden shifts to the plaintiff to explain the delay and to raise a fact question regarding diligence of service." *Id.* (citing *Butler v. Skegrud*, No. 02-14-00168-CV, 2015 WL 4148474, at *2 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.)). This burden includes the need to "explain 'every lapse in effort or period of delay.'" *Id.* (quoting *Proulx*, 235 S.W.3d at 216). Should the plaintiff raise a fact question on the issue of diligence, "the burden shifts back to the defendant to conclusively show why the explanation is insufficient." *Id.* at 365.

The standard to assess diligence is whether "the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216; *see also Flanigan*, 613 S.W.3d at 365 ("The plaintiff must show continuous diligence from the filing of the suit up until the date that the defendant is served."). "Generally, the question of the plaintiff's diligence in effecting service is one of fact[ ] and is determined by examining the time it took to secure citation, service, or both, and the

type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. But "the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.*

## C. The Present Case

Here, though Alonzo filed suit within the two-year limitations period, it is undisputed that service did not occur until more than three months after the limitations period had expired.[3] Thus, to avoid summary judgment Alonzo was required to show that he exercised diligence in serving Appellees by explaining "every lapse in effort or period of delay" in effectuating service. *Flanigan*, 613 S.W.3d at 364. Because he failed to do so, the trial court properly granted Appellees summary judgment on their limitations defense. *See id.* at 365–67.

In his summary judgment response, Alonzo provided a timeline of events from the filing of the lawsuit through service of citation.[4] But because the timeline contains numerous unexplained "lapse[s] in effort" and "period[s] of delay," *see id.* at 364, it fails to demonstrate diligence in service.

---

[3]As noted above, Alonzo's claims arise from an alleged personal injury sustained on June 15, 2020. The limitations period on his claim expired on June 15, 2022, but Alonzo did not serve Appellees until September 16, 2022.

[4]Alonzo's timeline is largely based on Mendoza's affidavit, which is the most significant piece of his summary judgment evidence.

For example, Alonzo's attorney waited 30 days after filing the lawsuit to request electronic copies of the citations from the trial court clerk. Alonzo notes that the trial court e-mailed his then-attorney on July 6, 2022, to inform her that citations could not be issued until Alonzo either provided or paid for physical copies of the petition, but his summary judgment evidence fails to explain what steps, if any, his attorney took to effectuate service during the twenty-two day period between the filing date and the court's e-mail or, crucially, why it took an additional eight days to request electronic copies of the citations after receiving the court's e-mail. *See Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.—El Paso 2011, no pet.) ("[W]hen a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing.").

Even if we were to accept Mendoza's illness as a valid explanation for the period of delay spanning from the July 14, 2022 request for electronic copies of the citations to Mendoza's first attempt to contact a process server on August 5, 2022,[5]

---

[5]The validity of this explanation is questionable at best. As noted above, at the time of his illness, Mendoza was a legal assistant working for Alonzo's first attorney of record, Linda Aleckner. While we recognize that it is common practice for legal assistants to handle routine administrative matters such as requesting the issuance of citations after a lawsuit is filed, we note that it is ultimately the attorney—not her legal assistant—who is responsible for ensuring timely service. *See Campbell v. Abrazo Adoption Assocs.*, No. 04-09-00827-CV, 2010 WL 2679990, at *4 (Tex. App.—San Antonio July 7, 2010, pet. denied) (mem. op.) (citing *Jennings v. H.E. Butt Grocery Co.*, No. 04-97-00266-CV, 1998 WL 88625, at *2 (Tex. App.—San Antonio 1998, pet. denied) (not designated for publication)). However, the record contains no affidavit from Ms. Aleckner or any other evidence demonstrating her diligence to serve Appellees during Mendoza's illness. Moreover, because Alonzo's proffered excuse of

other gaps remain unexplained. In particular, Alonzo fails to explain why Mendoza waited ten days to follow up with the first process server after initially leaving a message on August 5, 2022, or why he waited an additional 25 days after this second unreturned phone call to contact McKey, who managed to procure service one week later. Indeed, according to Alonzo's own timeline of events, during the 87 days that elapsed between the date the lawsuit was filed and the date the citations were actually provided to a process server, the only steps he or his attorney took to effectuate service were e-mailing a request to the court for the issuance of electronic citations and placing two unreturned phone calls to a process server.

Because Alonzo's summary judgment evidence failed to explain multiple lapses between his service efforts, he failed to raise a fact question regarding diligence, and Appellees' limitations defense was established as a matter of law. *See Proulx*, 235 S.W.3d at 216. Because Alonzo's claims are time-barred as a matter of law, the trial court did not err by granting Appellees' summary judgment on their limitations defense. *See Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 532 (Tex. 1997).

---

Mendoza's illness does not show diligence on Alonzo's or his attorney's part to seek service of process, it is arguably invalid as a matter of law. *See Slagle*, 345 S.W.3d at 698; *see also Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, pet. denied) (holding plaintiff's explanation that her failure to effectuate service resulted from a miscommunication between her lawyers was invalid because it "d[id] not involve diligence in attempting to effectuate service" but rather was offered as an excuse as to why service had not been attempted); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) ("An excuse of diligence must involve diligence to seek service of process.").

9

We overrule Alonzo's sole issue.

### III.  CONCLUSION

Having overruled Alonzo's sole issue, we affirm the trial court's judgment.


/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice


Delivered:  July 13, 2023