ACCEPTED
12-15-00029-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/30/2015 2:18:43 PM
CATHY LUSK
CLERK

Cause No. 12-15-00029-CV

IN THE COURT OF APPEALS,
TWELFTH JUDICAL DISTRICT OF TEXAS, TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/30/2015 2:18:43 PM
CATHY S. LUSK
Clerk

TONYA ALLEN, D.D.S., P.A.,
Appellant,
v.
SMITH COUNTY APPRAISAL DISTRICT,
Appellee.

Appealed from the 114th Judicial District Court of Smith County, Texas
Trial Court No. 14-1121-B
The Honorable Christi Kennedy, Presiding

## BRIEF OF APPELLEE

Vernique R. Hutchinson
Texas Bar No. 24066905
**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**
1235 North Loop West, Suite 600
Houston, TX 77009
Telephone: 713.862.1860
Facsimile: 713.862.1429
Email: vhutchinson@pbfcm.com

Sandra M. Griffin
Texas Bar No. 00721980
Christopher S. Jackson
Texas Bar No. 00796816
**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P**
3301 Northland Dr., Suite 505
Austin, TX 78731
Telephone: 512.302.0190
Facsimile:  512.323.6963
Email: sgriffin@pbfcm.com
Email: cjackson@pbfcm.com

**COUNSEL FOR APPELLEE,
SMITH COUNTY APPRAISAL DISTRICT**
**ORAL ARGUMENT WAIVED**

## IDENTITY OF PARTIES & COUNSEL

Pursuant to Texas Rules of Appellate Procedure 38.1(a) and 38.2(a)(1)(A), the appellee adopts the identities of parties and counsel as listed by the appellant, Tonya Allen, D.D.S., P.A., and **adds the following**:

| | |
|---|---|
| **Smith County Appraisal District Defendant / Appellee** | Christopher S. Jackson<br>Texas Bar No. 00796816<br>**PERDUE, BRANDON FIELDER, COLLINS & MOTT L.L.P.**<br>3301 Northland Dr., Suite 505<br>Austin, TX 78731<br>Telephone: 512.302.0190<br>Facsimile: 512.323.6963<br>Email: cjackson@pbfcm.com<br><br>Vernique R. Hutchinson<br>Texas Bar No. 24066905<br>**PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.**<br>1235 North Loop West, Suite 600<br>Houston, TX 77009<br>Telephone: 713.862.1860<br>Facsimile: 713.862.1429<br>Email: vhutchinson@pbfcm.com<br><br>***Appellate Counsel for Smith County Appraisal District*** |

# TABLE OF CONTENTS

**Identity of Parties, Counsel & Trial Court**................................................................ i

**Table of Contents** ...................................................................................................... ii

**Index of Authorities** ................................................................................................. iv

**Statement of the Case** ............................................................................................... ix

**Statement Regarding Oral Argument** ..................................................................... xi

**Party and Record References** ................................................................................. xii

**Issue Presented**........................................................................................................ xiii

**Standard of Review**.................................................................................................. xiii

**I.     Introduction** ..................................................................................................... 1

**II.    Statement of Facts**............................................................................................ 2

**III.   Standard of Review** ......................................................................................... 5

**IV.   Burden** .............................................................................................................. 6

**V.    Summary of the Argument**............................................................................. 8

**VI.   Argument & Authorities** ................................................................................ 9

    **A.     Because the District has plead limitations and shown Allen effected service after the limitations period had expired, Allen has the burden to show it acted diligently.** .....9

  **B.**  **Allen's explanation and the facts in this matter when**  ....11
     **applied to Texas case law prove a lack of diligence in**
     **effecting service as a matter of law.**

  **C.**  **Allen's actions were not diligent under the plain meaning**  ....17
     **of the term.**

**VII.**  **Conclusion & Prayer** .......................................................... 18

**Certificate of Compliance** ................................................................. 21

**Certificate of Service** ....................................................................... 22

iii

# INDEX OF AUTHORITIES

**TEXAS STATUTES**

Tex. Tax Code Ann. § 25.25(d) (West 2013) .......................................................... 2

Tex. Tax Code Ann. § 42.21(a) (West 2013) ........................................... 2, 3, 10, 14

Tex. Tax Code Ann. § 42.21(d) (West 2013) ........................................................ 15


**TEXAS RULES & REGULATIONS**

Tex. R. App. P. 38.1(e) ......................................................................................... xi

Tex. R. App. P. 38.2(a)(1)(B) ..............................................................................xiii

Tex. R. App. P. 39.1 .............................................................................................. xi

Tex. R. App. P. 39.1(b) ......................................................................................... xi

Tex. R. App. P. 39.1(c) .......................................................................................... xi

Tex. R. App. P. 39.1(d) ......................................................................................... xi

Tex. R. App. P. 39.7 .............................................................................................. xi

Tex. R. Civ. P. 103 ............................................................................................... 15

Tex. R. Civ. P. 106 ............................................................................................... 15

Tex. R. Civ. P. 166a(c) ........................................................................................... 5

**TEXAS SUPREME COURT CASES**

*Amedisys, Inc. v. Kingwood Home Health Care, LLC,*
437 S.W.3d 507 (Tex. 2014) ...................................................................... 5

*City of Keller v. Wilson,*
168 S.W.3d 802 (Tex. 2005) ...................................................................... 6

*Cockrell v. Estevez,*
737 S.W.2d 138 (Tex. 2002) ................................................................... 12

*Delgado v. Burns,*
656 S.W.2d 428 (Tex. 1983) ...................................................................... 6

*Gant v. DeLeon,*
786 S.W.2d 259 (Tex. 1990) ................................................... 7, 9, 10, 19

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding.,*
289 S.W.3d 844 (Tex. 2009) ................................................................ xiii

*Murray v. San Jacinto Agency, Inc.,*
800 S.W.2d 826 (Tex. 1990) ...................................................................... 9

*Nixon v. Mr. Prop. Mgmt. Co.,*
690 S.W.2d 546 (Tex. 1985) ...................................................................... 5

*Primate Constr. Inc. v. Silver,*
884 S.W.2d 151 (Tex. 1994) ................................................................... 12

*Proulx v. Wells,*
235 S.W.3d 213 (Tex. 2007) ........................................... 6, 7, 9, 10, 19

*Rigo Mfg. Co. v. Thomas,*
458 S.W.2d 180 (Tex. 1970) ...................................................................... 9

*Roark v. Stallworth Oil & Gas, Inc.,*
813 S.W.2d 492 (Tex. 1991) ...................................................................... 6

*Valence Operating Co. v. Dorsett*,
164 S.W.3d 656 (Tex. 2005) ......................................................................... xiii, 5

*Zale Corp. v. Rosenbaum*,
520 S.W.2d 889 (Tex. 1975) ................................................................................. 9


## 12TH DISTRICT COURT OF APPEAL CASES

*Pitula v. Valera*,
No. 12-01-00302-CV, 2002 WL 1065971
(Tex. App.—Tyler May 22, 2002, no pet.)
(not designated for publication) ......................................................................... 7, 9


*Valerus Compression Serv. v. Gregg Cnty. Appraisal Dist.*,
457 S.W.3d 520 (Tex. App.—Tyler 2015, no pet) ................................................... 5


## OTHER TEXAS COURTS OF APPEAL CASES

*Bilinsco Inc. v. Harris Cnty. Appraisal Dist.*,
321 S.W.3d 648 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ................. 7, 9

*Boyattia v. Hinojosa*,
18 S.W.3d 729 (Tex. App.—Dallas 2000, pet. denied) ....................................... 12

*Broom v. MacMaster*,
992 S.W.2d 659 (Tex. App.—Dallas 1999, no pet.) ......................................... 9, 10

*Brown v. Shores*,
77 S.W.3d 884 (Tex. App.—Houston [14th Dist.] 2002, no pet.) .......................... 7

*Butler v. Ross*,
836 S.W.2d 833 (Tex. App.—Houston [1st Dist.] 1992, no writ) ......................... 13

*Hansler v. Mainka*,
807 S.W.2d 3 (Tex. App.—Corpus Christi 1991, no writ) ............................. 13, 16

*Hodge v. Smith,*
856 S.W.2d 212 (Tex. App.—Houston [1st Dist.] 1993, writ denied) .................... 7

*Holt v. D'Hanis State Bank*,
993 S.W.3d 237 (Tex. App.—San Antonio 1999, no pet.) ........................ 13, 14, 19

*In re Buggs*,
166 S.W.3d 506 (Tex. App.—Texarkana 2005 orig. proceeding) ........................ 12

*Li v. Univ. of Tex. Health Sci. Ctr*.,
984 S.W.2d 647 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) ................. 13

*Martinez v. Becerra*,
797 S.W.2d 283 (Tex. App.—Corpus Christi 1990, no writ) ................................. 9

*Mauricio v. Castro*,
287 S.W.3d 476 (Tex. App.—Dallas 2009, no pet.) .............................................. 13

*Perkins v. Groff*,
936 S.W.2d 661 (Tex. App.—Dallas 1996, writ denied) ..................................... 13

*Perry v. Kroger Stores, Store No. 119*,
741 S.W.2d 533 (Tex. App.—Dallas 1987, no writ) .............................................. 7

*Reynolds v. Alcorn*,
601 S.W.2d 785 (Tex. App.—Amarillo 1980, no writ) .......................................... 8

*Rodriguez v. Tinsman & Houser, Inc.*,
13 S.W.3d 47 (Tex. App.—San Antonio 1999, pet. denied) ............................ 7, 13

*Slagle v. Prickett*,
345 S.W.3d 693 (Tex. App.—El Paso 2011, no pet.) ......................... 13, 14, 16, 19

*Tarrant Cnty. v. Vandigriff,*
71 S.W.3d 921 (Tex. App.—Fort Worth 2002, pet. denied) ................................... 7

*Tate v. Beal,*
119 S.W.3d 378 (Tex. App.—Fort Worth 2003, pet. denied) ................................ 7

*Valdez v. Charles Orsinger Buick Co.,*
715 S.W.2d 126 (Tex. App.—Texarkana 1986, no writ) ......................................... 7

*Webster v. Thomas,*
5 S.W. 3d 287 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ..... 12, 13, 14, 15, 16

*Zacharie v. U.S. Nat'l Res., Inc.,*
94 S.W.3d 748 (Tex. App.—San Antonio 2002, no pet.) ................................. 7, 19

## OTHER

Diligence Definition, Merriam-Webster.com,
http://www.merriam-webster.com/dictionary/diligence
(last visited July 28, 2015) ............................................................................... 17

# STATEMENT OF THE CASE

Pursuant to Texas Rules of Appellate Procedure 38.1(d) and 38.2(a)(1)(B), the District states as follows:

| | |
|---|---|
| **Nature of The Case:** | This is an ad valorem tax case. Allen filed suit against the District within limitations but served the District 3 months after the limitations period expired. The issue is whether Allen's service of citation was diligent as a matter of law for it to relate back and her suit to be timely. |
| **Trial Court:** | Cause No. 14-1121-B<br>114th Judicial District, Smith County, Texas<br>The Honorable Christi Kennedy, presiding |
| **Course of Proceedings:** | On November 26, 2013, the property owner filed a motion to correct the appraised value for the 2013 tax year. CR 47. A hearing was held on January 23, 2014. CR 49. The Smith County Appraisal Review Board issued an adverse determination on March 12, 2014. CR 49, 51. Allen received the order on March 14, 2014. CR 51. On April 28, 2014, Allen timely filed a petition for a trial de novo in the 114th District Court, Smith County, Texas, the Honorable Christi Kennedy, presiding. CR 49, 1-3. The limitations period expired on May 13, 2014. Allen requested and paid for service on the District on August 6, 2014, approximately 3 months after the limitations period had run. CR 60, 68, 93. The District was served on August 11, 2014. CR 18, 20. |

|  | The District answered on August 13, 2014. CR 6-16, 93. The District on November 20, 2014 filed a first amended answer asserting the affirmative defense of limitations. CR 32-35. On December 30, 3014, Allen filed a response. CR 54-60. A hearing on the District's motion for summary judgment was held on January 8, 2015. CR 52. |
| --- | --- |
| **Trial Court's Disposition:** | On January 14, 2015, the 114th District Court, the Honorable Christi Kennedy, presiding, granted the District's motion for summary judgment where it had asserted limitations. CR 75. |

## STATEMENT REGARDING ORAL ARGUMENT

This case presents an important, but not unusually complex, question. This case would extend the jurisprudence on the issue of diligent service in Texas as applied to the arena of ad valorem taxation and in the jurisdiction of the Twelfth Court.

The District contends that this case is limited to a pure question of law concerning limitations when the appellant requested and effected service three months after the limitations period expired. The issue presented requires review of relatively simple statutes and cases from the Texas Supreme Court, this Honorable Court and its sister courts of appeal. As a result, Tex. R. App. P. 39.1(b), (c) or (d) may be applicable to this case.

The appellant did not request, and therefore has waived, oral argument. Tex. R. App. P. 38.1(e), 39.1. The District believes that its briefing herein is sufficient to establish the appellant's lack of diligence in effecting service as a matter of law. Therefore, in accordance with Tex. R. App. P. 39.7, this is notice that the District also waives oral argument, unless the Court would find argument helpful.

## <u>PARTY & RECORD REFERENCES</u>

In this brief, the appellant, Tonya Allen, D.D.S., P.A., will be referred to as "appellant" or "Allen."

The appellee, Smith County Appraisal District, will be referred to as "appellee" or "the District."

In this brief, the following record citation forms will be used:

- Clerk's Record will be cited as "CR [page]."

## ISSUE PRESENTED

Pursuant to Tex. R. App. P. 38.2(a)(1)(B), the appellee is dissatisfied with the issue presented by the appellant.

The issue for this Court to resolve is: When the appellant filed suit within the period of limitation but did not request or pay for the issuance and service of citation until three-months after limitations expired, as a matter of law, did the appellant continuously exercise diligence in procuring the issuance and service of citation on the District, so that service relates back to the date her lawsuit was filed and would be within the limitations period?

## STANDARD OF REVIEW

This Court reviews a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

TONYA ALLEN, D.D.S., P.A.,
**Appellant,**

**v.**

SMITH COUNTY APPRAISAL DISTRICT,
**Appellee.**

**APPELLEE'S BRIEF**

TO THE HONORABALE JUSTICES OF THE TWELFTH COURT OF APPEALS:

**NOW COMES** the appellee, Smith County Appraisal District (hereinafter the "District"), and submits its Brief as follows:

## I.   INTRODUCTION

The appellant, Tonya Allen ("Allen"), appeals a summary judgment in favor of the District in a dispute over an ad valorem tax matter. Following the receipt of an order determining her administrative protest to the Smith County Appraisal Review Board (hereinafter "ARB"), Allen had sixty (60) days to file her lawsuit.

Tex. Tax Code Ann. § 42.21(a) (West 2013). Although Allen filed her lawsuit during the limitations period, she failed to serve the District until 105 days after her petition was filed in district court, which was three-months after the limitations period expired. The issue presented in this appeal is, as a matter of law, did Allen continuously exercise diligence in procuring the issuance and service of citation on the District, so that service relates back to the date her lawsuit was filed and would be within the limitations period? The Court should affirm the trial court's judgment that the appellant's actions in effecting service were not diligent and therefore her suit was not filed timely as a matter of law.

## II.    STATEMENT OF FACTS

Allen's property is located in Smith County, Texas. It is described as ABST A1118 J Sanders Tract 2X.2 (PT of 4.07 AC/SEE TR 2X) and is known to the District as Account Number 100000111800002242. CR 44 at ¶ 3, CR 47, 49.

The Tax Code allows property owners to file a protest if they disagree with their appraised value.  For the 2013 tax year, Allen failed to timely file a protest for relief under Chapter 41 of the Texas Property Tax Code on the subject property. On November 26, 2013, Allen filed a motion to correct the appraised value, a later and stricter form of relief, pursuant to Tax Code § 25.25(d), to contest the value placed on her property. CR 47. The ARB heard Allen's motion to correct on January 23,

2014. CR 49. The ARB ruled against Allen by deciding that the appraisal records were correct and no changes were to be made. CR 49. The ARB issued its final order on March 12, 2014. CR 49, 51. Allen received the ARB's order on March 14, 2014. CR 51. The limitations deadline for Allen to file her suit was Tuesday, May 13, 2014, which is sixty (60) days after receipt of the ARB's order. Tex. Tax Code Ann. § 42.21(a) (West 2013).

Allen appealed the ARB's order to the trial court by electronically filing an original petition on April 28, 2014. CR1-3. Several months went by with no action in the case. The record shows that Allen did not request or pay for citation and its service until August 6, 2014. CR 4-5, 68, 93.

After the request and payment were made, the Smith County District Clerk issued citation. CR 93, 4. The citation was finally served 105 days after Allen filed her original petition. The petition was served on the District at its office, through a manager, Carol Dixon, on August 11, 2014. CR 18, 20. The District filed its original answer, asserting a general denial, a plea to the jurisdiction, and a motion to dismiss on August 13, 2014. CR 6-16, 93.

The District filed its first amended original answer that included a general denial, the affirmative defense of limitations, and special exceptions on November 20, 2014. CR 32-35. The District then filed a motion for summary judgment on

November 24, 2014, based on the appellant's failure to bring suit within the limitations period contending that Allen lacked diligence in effecting service after the limitations period had expired. CR 36-51.

On December 30, 2014, Allen filed her response to the District's motion for summary judgment. CR 54-60. The response included an affidavit from Allen's counsel, Mr. Michael W. Eaton. CR 59-60. In his affidavit, appellant's counsel provided no real explanation of his efforts to effect service for the 60-90 days after the petition had been filed. Mr. Eaton stated in his affidavit that he "performed a routine diligence review of the file in July 2014." CR 60. Mr. Eaton found no answer from the District in his file upon his review. CR 60. Mr. Eaton also essentially states he has a good working relationship with opposing counsel who represent appraisal districts, yet he did not contact counsel for the District to determine why there was no answer. CR 60. Mr. Eaton apparently did not review his file closely enough in July to discover that the fees for issuing and serving citation had not been paid. Mr. Eaton also stated in his affidavit, at some point after his review of the file in July, his assistant finally contacted the court clerk and was informed **service had not been completed**. CR 60.

What the appellant's counsel does not state clearly or at all in his affidavit is that his letter, sent on August 6, 2014, constituted **his first request and payment**

for the citation, service of citation, and an electronic filing fee. CR 60, 68, 93. That is why service had not been completed, he had never requested service until August for a suit that was filed in April.

On January 8, 2015, a hearing was held on the District's motion for summary judgment. CR 52. On January 14, 2015, Judge Christi Kennedy issued an order on the District's objections to Mr. Eaton's affidavit and also granted the District's motion for summary judgment. CR 74-75. This appeal ensued. CR 76-78.

## III. STANDARD OF REVIEW

The Court reviews a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Valerus Compression Serv. v. Gregg Cnty. Appraisal Dist.,*457 S.W.3d 520, 524 (Tex. App.—Tyler 2015, no pet). The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion and present to the trial court any issues that would prelude summary judgment. *Amedisys*, 437 S.W.3d at 511; *Valerus Compression Serv.,*457 S.W.3d at

524. The Court is to review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)); *Nixon*, 690 S.W.2d at 549.

## IV.   BURDEN

Limitations is an affirmative defense and may serve as the basis for a trial court's summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991). A defendant who asserts the running of limitations as a bar to a cause of action bears the burden of showing that limitations barred the suit. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983).

In a case where a defendant files for summary judgment on a diligent service question, and the defendant affirmatively pleads a limitations defense and shows service was effectuated after the limitations period expired, a plaintiff then bears the burden to "**explain every lapse in effort or period of delay**" in service. See *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007)(emphasis added). But, if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of the service efforts undertaken, "the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient…." *Id.*

However, a lack of due diligence can be found as a matter of law if the plaintiff offers no valid excuse for the lack of service, or if the lapse of time and the plaintiff's acts, or inaction, are unexplained or patently unreasonable. See *Proulx*, 235 S.W.3d at 216; *Zacharie v. U.S. Nat'l Res., Inc.*, 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, no pet.)(explanation affirmatively established lack of diligence); *Pitula v. Valera*, No. 12-01-00302-CV, 2002 WL 1065971, at *2 (Tex. App.—Tyler May 22, 2002, no pet.) (not designated for publication). See also *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Bilinsco Inc. v. Harris Cnty. Appraisal Dist.*, 321 S.W.3d 648, 652 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Brown v. Shores*, 77 S.W.3d 884, 887(Tex. App.—Houston [14th Dist.] 2002, no pet.); *Tarrant Cnty. v. Vandigriff,* 71 S.W.3d 921, 925–26 (Tex. App.—Fort Worth 2002, pet. denied); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied); *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ); *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 127 (Tex. App.—Texarkana 1986, no writ).

In "assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." See *Proulx*, 235 S.W.3d at 216; see also *Pitula*, 2002 WL 1065971, at *2; *Tate v. Beal*, 119 S.W.3d 378, 381 (Tex. App.—Fort Worth 2003, pet. denied); *Hodge v. Smith,*

856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Reynolds v. Alcorn*, 601 S.W.2d 785, 788 (Tex. App.—Amarillo 1980, no writ).

## V.    SUMMARY OF THE ARGUMENT

To timely bring suit one must file an action timely and serve the defendant. In this case, Allen filed suit within limitations but served the District after limitations expired. In such instances, the date of service may relate back to the filing and be timely if the plaintiff continuously exercises diligence in effecting service. The District has presented the proper predicates to place the burden on Allen to prove she continuously exercised diligence in effecting service. Allen's thin explanations to show diligence avoid the fact that she did not request or pay for citation and service until approximately three-months after the limitations period for filing her suit had expired. CR 4-5, 60, 68, 93. As a matter of law, Allen did not continuously exercise diligence in procuring the issuance and service of citation on the District, so that service relates back to the date her lawsuit was filed.  Her lawsuit against the District therefore does not relate back to the time of filing and is and is outside the limitations period, and should be barred. The trial court's summary judgment in favor of the District should be affirmed.

## VI. ARGUMENT & AUTHORITIES

**A.** **Because the District has plead limitations and shown Allen effected service after the limitations period had expired, Allen has the burden to show it acted diligently.**

In one point of error, Allen contends that the trial court erred in granting summary judgment for the District because she timely brought suit by filing within the 60-day applicable statutory limitations period and claims to have exercised diligence by effecting service 105 days later.

The established rule holds merely filing a lawsuit is not bringing suit within the limitations period. To bring suit, a plaintiff must both file her action **and** have the defendant served with process. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)(emphasis added); *Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.); *Pitula*, 2002 WL 1065971, at *2.

When a plaintiff files suit within the limitations period, but fails to serve the defendant until after the statutory period has expired, the date of service **may relate** back to the date the plaintiff filed suit **only if** the plaintiff **exercises diligence** in effecting service. See *Proulx*, 235 S.W.3d at 215 (emphasis added); *Gant*, 786 S.W.2d at 260; *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970); *Bilinsco Inc.*, 321 S.W.3d at 652; *Martinez v. Becerra*, 797 S.W.2d 283, 284 (Tex. App.—Corpus Christi 1990,

no writ). The duty to exercise diligence continues until service of process is achieved. *Broom*, 992 S.W.2d at 664. If diligence is not exercised, the lawsuit is deemed filed on the date of service. *Gant*, 786 S.W.2d at 260.

In this case, it is undisputed that service was effected after limitations had run. Allen received the ARB's order on March 14, 2014. CR 51. Allen's deadline to file suit was Tuesday, May 13, 2014, which was 60 days after receipt of the order. See Tex. Tax Code Ann. § 42.21(a) (West 2013); CR 51. Allen appealed the ARB's order to the trial court by electronically filing an original petition on April 28, 2014. CR1-3. Allen did not request and/or pay the fees for citation and its issuance until August 6, 2014. CR 4-5, 60, 68, 93. The District was finally served on on August 11, 2014, which was approximately 3 months after limitations had expired. CR 51, 18, 20. The District answered and later filed for summary judgment, plead limitations, and showed service was after the limitations period expired. CR 6-16, 32, 35, 36-51, 18, 20, 44. Therefore, the burden is on the appellant to **explain every lapse in effort or period of delay** in service to avoid summary judgment. See *Proulx*, 235 S.W.3d at 216 (emphasis added).

**B.**     **Allen's explanation and the facts in this matter when applied to Texas case law prove a lack of diligence in effecting service as a matter of law.**

Allen's first explanation for the delay in service is "confusion in electronic filing." See Appellant's Brief at pg. 11; CR 54-55, 59-60. Allen's counsel represents plaintiffs and should be very familiar with the rules and process in procuring the issuance and service of citation. In his affidavit, Allen's counsel establishes that he has "handled literally hundreds of similar lawsuits over the thirty years [he has] been practicing law" and that he is "extremely familiar with legal issues and rules affecting property tax litigation." CR 59. Mr. Eaton also appears to be more "hands on" than most attorneys in the filing of lawsuits, as he also swore in his affidavit that he personally observed his assistant electronically file the petition in this case and that when the "petition was filed, the 'efile' box and the 'service' box were both checked." CR 60. The reason why service was not effected was because Allen did not properly request citation and did not pay the fees for citation and service until August 6, 2014. CR 4-5, 60, 68, 93. Mr. Eaton's affidavit and explanation for the delay are in conflict.

Allen's next explanation appears to blame the district clerk for the lack of citation being issued and service not being completed timely. CR 56, 59-60. Allen notes that "[t]he filing was noted as 'accepted' by the Smith County District Clerk

and no communications of any kind from the Smith County District Clerk informed the filing attorney or his office that any other action was required to effectuate service of process on the Defendant Central Appraisal District." CR 56.

Texas law, however, is clear that it is the plaintiff, not the process server or the district clerk, who is responsible for ensuring that service is properly accomplished. *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. 2002); *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994); *In re Buggs*, 166 S.W.3d 506, 508 (Tex. App.—Texarkana 2005 orig. proceeding). For example, the Fifth Court has held that a plaintiff's failure to follow up or act for three months when the clerk's inaction held up service constituted a lack of diligence as a matter of law. *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied). But, in this case, the reason why citation was not issued was not the fault of the clerk, it was because Allen did not properly request citation and did not pay the fees for citation and service until August 6, 2014—which was almost 3 months after the limitations period had run. CR 4-5, 60, 68, 93.

In determining diligence, an important factor for the Court is the length of delay in service. *Webster v. Thomas*, 5 S.W. 3d 287, 290 (Tex. App.—Houston [1st Dist.] 1999, no pet.) Although the Texas Rules of Civil Procedure do not state a specific period of time that shows per se diligence (or a lack thereof) in obtaining

service, numerous cases have addressed this issue. *Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.)(holding suit barred by limitations when plaintiff failed to explain 31 day delay between expiration of limitations and service); *Rodriguez*, 13 S.W.3d at 51 (upholding summary judgment based on expiration of limitations because plaintiff failed to explain 25 day delay between expiration of limitations and service); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied)(upholding summary judgment based on expiration of limitations because plaintiff failed to explain 18 day delay between expiration of limitations and service); *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011, no pet.)(3 month delay in requesting service after filing suit and expiration of limitations not diligent as a matter of law); *Holt v. D'Hanis State Bank*, 993 S.W.3d 237, 241 (Tex. App.—San Antonio 1999, no pet.)(3 month delay in procuring service after expiration of limitations not diligent as a matter of law); *Webster*, 5 S.W. 3d at 291 (4 month delay negated diligence); *Li v. Univ. of Tex. Health Sci. Ctr.*, 984 S.W.2d 647, 652 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)(upholding summary judgment based on expiration of limitations because plaintiff filed suit near deadline but failed to explain not seeking service for 2 and a half months after expiration of limitations); *Butler v. Ross*, 836 S.W.2d 833, 835-36 (Tex. App.—Houston [1st Dist.] 1992, no writ) (5 ½ month delay in service after return of unserved original citation was not diligent); *Hansler v. Mainka*, 807 S.W.2d

3, 5 (Tex. App.—Corpus Christi 1991, no writ) (upholding summary judgment based on expiration of limitations because plaintiff filed suit month prior to deadline but failed to diligently effect service for 5 months after expiration of limitations).

Of the cases listed above, this case is most similar to *Holt* and *Slagle*. The length of delay in effecting service in this case is three-and-a-half months, like those in *Holt* and in *Slagle*, where the courts in those cases determined the plaintiff was not diligent in effecting service. *Holt*, 993 S.W.3d at 241; *Slagle*, 345 S.W.3d at 698-99. It is important to note the limitations period in this case is 60-days, which is close to the 120-day limitations period in *Holt*. Tex. Tax Code Ann. § 42.21(a) (West 2013); *Holt*, 993 S.W.3d at 239. Moreover, like *Slagle*, the plaintiff in this case did not request service until approximately three months following the expiration of the limitations period. The result in this case should mirror those in *Holt* and *Slagle*.

A plaintiff's efforts (or lack thereof) are also a significant factor in a court's evaluation of diligence. *Webster*, 5 S.W. 3d at 290. This case is similar to *Webster v. Thomas*, where the First Court looked at the efforts Webster used in obtaining service of citation to determine his diligence. *Webster,* 5 S.W.3d at 290. During the three-month period from the filing of suit to the issuance of citation, Webster's counsel called the (wrong) clerk's office, several times, to inquire about the citation. *Id.* Once he received the citation, Webster's counsel sent it to the wrong precinct and

there was a two-week period before counsel sent the citation to the correct precinct. *Webster,* 5 S.W.3d at 290-91. The court found that while Webster's counsel made **some efforts** to procure service during the four months and ten days, those efforts were "careless and not persistent." *Id.* at 291. The court held that Webster failed to use due diligence in serving the suit after it was filed. *Id.*

Unlike *Webster*, where counsel in that case made some efforts to procure service during the delay, during the 105-day delay in this case, Allen did not attempt service on the District one time. Service via a qualified person could not be easier than on an appraisal district. See Tex. R. Civ. P. 103, 106. The Tax Code allows an appraisal district to be served by service on any employee of the appraisal district during normal business hours. Tex. Tax Code Ann. § 42.21(d) (West 2013). The appellant could have served the chief appraiser or any employee of the District at an address that it has been at for over 30 years. CR 44. The District is open nearly every weekday, during normal business hours and has numerous staff available during those hours to receive and assist process servers. CR 44. The appellant makes no mention of any action taken during the 60-90 days after she filed her suit. Allen's counsel does claim to have made a diligent review of his file in July 2014 and noticed the District had not filed an answer. CR 60. There is not explanation as to why his review of his file was not made until two and a half months after the suit as filed.

Further, in his careful review of the file, he apparently did not notice the service fee had not been paid. The appellant also claims to have made a phone call to the clerk in July, which is less effort that the counsel for Webster, but that call, like those in *Webster*, effectively did nothing to further service. CR 60. Again, this case is most similar to *Slagle*, where the plaintiff took no actions to obtain service for three months following the expiration of the limitations period. *Slagle*, 345 S.W.3d at 698-99. The lack of efforts to effectuate service by Allen show a lack of diligence as a matter of law.

This case is also similar to *Hansler v. Mainka*, 807 S.W.2d 3 (Tex. App.—Corpus Christi 1991, no writ) where Hansler filed suit within the period of limitations but did not cause the issuance of citation for personal service until 5 months after the limitations period had expired. *Id.* at 5. Hansler's attorney did not recall requesting service or paying the service costs. *Id.* The court held that the unexplained delay, as a matter of law, was not due diligence. *Id.*

Like *Hansler*, the reason the citation was not issued and served for so long is because service was not requested properly and/or the fee was not paid when the petition was filed. CR 4, 60, 68, 93. The explanation from appellant is void of any evidence showing that Allen used diligence in requesting personal service at the time she filed her suit. It is also void of any evidence showing that Allen paid the fees

covering service costs when the petition was filed. The appellant's explanation also lacks detail as to why there was no action taken 60-90 days after filing her petition or any urgency in following up with the reason the District had not filed an answer when that was discovered by Allen's counsel in July 2014, months after the limitations period had expired. This unexplained delay in service, after the expiration of the statute of limitations is, as a matter of law, not diligent in procuring issuance and service of citation.

## C.    Allen's actions were not diligent under the plain meaning of the term.

Moreover, appellant's actions do not meet the plain meaning of the term "diligence." *Webster's* defines "diligence" as "persevering application" or "careful and continued hard work." Diligence Definition, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/diligence (last visited July 28, 2015). There is nothing persevering, careful, continued, or persistent in appellant's actions, as led by her counsel with 30-years of experience, as previously described in this Brief.[1]

---

[1]    It is ironic that in an appeal of a case which centers on diligence, and a key fact below is the appellant did not pay the service fee, the appellant's actions have again delayed this matter before this Honorable Court by not timely paying for the clerk's record so it could be filed in an ordinary and efficient manner. CR 4, 60, 68, 93 and CR 84-92.

Allen's actions and explanations offers no valid excuse for the lack of service. Instead they show a lack of due diligence as a matter of law. It was not the fault of e-filing or the district clerk. The reason why citation was not issued was because Allen did not properly request citation and did not pay the fees for citation and service until August 6, 2014—which was almost 3 months after the limitations period had run. CR 4-5, 60, 68, 93.

## VII.   CONCLUSION & PRAYER

Although Allen has provided a "bare-bones" explanation for the delay in service, those explanations consist of confusion over electronic filing or blaming the clerk. Allen has provided no real explanation why it took 105 days to effect service. There is no explanation of the delay in service for 60-90 days after the petition was filed. There is no explanation for the delay and lack of urgency in requesting service once the appellant was aware in July 2014 that the District had not filed an answer or been served after the statute of limitations had run. The explanation and lack of efforts by Allen are patently unreasonable. They are likely this way because the facts are Allen did not properly request service and/or did not pay the fees for it until August 6, 2014, which is approximately months after the limitations period had expired. CR 4-5, 60, 68, 93.

The appellant's lack of an explanation for "every lapse in effort or period of delay" in service and the facts in this case in not timely requesting and/or paying for service "affirmatively establishes a lack of diligence" as a matter of law. *Zacharie*, 94 S.W.2d at 754; *Proulx*, 235 S.W.3d at 216; *Holt*, 993 S.W.3d at 241; *Slagle*, 345 S.W.3d at 698-99. Consequently, the limitations period was not tolled and Allen's suit should be barred. *Gant*, 786 S.W.2d at 260. For these reasons, the trial court's summary judgment in favor of the District should be affirmed.

Respectfully submitted,


*/s/ Christopher S. Jackson*
Sandra Griffin
Texas Bar No. 00791280
Christopher S. Jackson
Texas Bar No. 00796816
**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**
3301 Northland Drive, Suite 505
Austin, Texas 78731
Telephone: (512) 302-0190
Facsimile: (512) 323-6963
Email: sgriffin@pbfcm.com
Email: cjackson@pbfcm.com

Vernique R. Hutchinson
Texas Bar No. 24066905
**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**
1235 North Loop West, Suite 600
Houston, TX 77009
Telephone: (713) 862-1860
Facsimile: (713) 862-1429
Email: vhutchinson@pbfcm.com

Attorneys for Appellee,
Smith County Appraisal District

# CERTIFICATE OF COMPLIANCE

1.  As required by Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(B) and 9.4(i)(1). The Appellee's Brief contains 4721 words. The undersigned counsel certifies that he relied upon the word count of the computer program "Word for Mac Office 2011" used to prepare the document.

2.  The undersigned counsel also certifies that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e). This brief has been prepared in a proportionally spaced typeface using "Word for Mac Office 2011" in fourteen (14) point "Times New Roman" style font for text and thirteen (13) point "Times New Roman" style font for footnotes.

> */s/ Christopher S. Jackson*
> Christopher S. Jackson
> Attorney for Appellee,
> Smith County Appraisal District

## CERTIFICATE OF SERVICE

In accordance with Texas Rule of Appellate Procedure 11(d), I certify that a true and correct copy of the foregoing document was served via electronic filing and via electronic mail to all parties on the 30th day of July 2015, as follows:

**Counsel for Appellant**
Mr. Michael W. Eaton
1701 W. Northwest Highway
Suite 100
Grapevine, TX 76051
Facsimile: (817) 431-1180
Email: mweaton@eatonlaw.com

> */s/ Christopher S. Jackson*
> Christopher S. Jackson
> Attorney for Appellee,
> Smith County Appraisal District