# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20592

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2013

Lyle W. Cayce
Clerk

SEAN ORTEGA,

> Plaintiff – Appellant

v.

YOUNG AGAIN PRODUCTS, INCORPORATED;
IVEY MASON; ROGER MASON; FREEMAN & FREEMAN, P.C.;
THOMAS FREEMAN; MARK FREEMAN;
MARGARET MAXWELL MCCLURE,

> Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:*

In March 2009, Defendant Young Again Products, Inc. ("YAP") won a judgment for trademark and copyright infringement in Maryland against John Acord ("Acord") and his mother Marcella Ortega ("Marcella"). YAP registered the judgment in Texas in June 2009 and obtained two writs to execute on the judgment—one for each defendant. Based on information that they owned an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20592

interest in property at 1935 Cattle Drive in Magnolia, United States Marshals levied execution on the property on August 29, 2009, seizing cash, silver bars, and a collection of World War II memorabilia. Exactly two years after the Marshals levied execution, Appellant Sean Ortega ("Sean")—Acord's brother and Marcella's son—filed this action in Texas state court, complaining that YAP, YAP's owners, YAP's attorneys in Maryland, and YAP's attorney in Texas (collectively "Appellees") wrongfully executed on Sean's property rather than on property belonging to his brother or mother.

Appellees removed the case to federal district court and moved for partial dismissal based on qualified immunity, summary judgment, and sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure. The district court denied Sean's motion to remand and granted Appellees' three motions. Sean timely appealed the district court's orders. For the following reasons, we AFFIRM.

## DISCUSSION

We review the district court's denial of Sean's motion to remand, grant of Appellees' motion to dismiss based on qualified immunity, and grant of Appellees' motion for summary judgment *de novo*. *See DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009); *La. ex. rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 425 (5th Cir. 2008); *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). Additionally, we review the district court's decision to assess sanctions for abuse of discretion and its underlying findings of fact for clear error. *U.S. v. Iqbal*, 684 F.3d 507, 510 (5th Cir. 2012).

### 1.    Motion to Remand

Appellees removed Sean's lawsuit to federal district court pursuant to 28 U.S.C. § 1441. Although YAP's in-state counsel, Appellee Margaret McClure ("McClure") is a Texas resident, Appellees asserted that Sean had improperly joined her as a defendant when no cause of action could lie against

2

her because of the Texas qualified immunity doctrine. Sean's motion to remand contended that the qualified immunity doctrine did not protect McClure from liability for her assistance in the unlawful seizure of his property.[1] The applicability of Texas's qualified immunity doctrine depends on the kind of conduct at issue, "not on whether the [attorney's] conduct was meritorious in the context of the underlying lawsuit." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App.–Houston [1st Dist.] 2005, pet. denied). An attorney cannot be held liable to a third party for conduct requiring the "office, professional training, skill, and authority of an attorney." *Miller v. Stonehenge/Fasa-Tex., JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998). Focusing on the kind of conduct at issue here, "the execution of a writ constitutes the legitimate performance of [McClure's] duties" as a lawyer, *FinServ Casualty Corp. v. Settlement Funding, L.L.C.*, 724 F. Supp. 2d 662, 676 (S.D. Tex. 2010), even if "execution itself may have been wrongful," *Id.* at 673. *See also Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 288 (Tex. App.–Fort Worth 1997, writ denied) (affirming summary judgment for law firm because attorneys's allegedly wrongful acts of preparing and filing their client's application for writ of garnishment "was within the context of discharging their duties in representing their clients"). Because Sean seeks recovery from McClure for actions that she took within the context of her "office, professional training, skill, and authority [as] an attorney," *Miller*, 993 F. Supp. at 464, the

---

[1] Sean asserts that the district court should have applied Maryland law instead of Texas law in ruling on his motion to remand. A federal court sitting in diversity applies the choice-of-law rules of the forum state. *See Caton v. Leach Corp.*, 896 F.2d 939, 942 (5th Cir. 1990). Texas, the forum state, follows the "most significant relationship" approach in choice-of-law analyses. *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000). Because this action concerns the seizure of property from a house in Texas pursuant to writs of execution issued by a Texas state court, Texas has the most significant relationship to this dispute, as opposed to Maryland.

No. 12-20592

Texas qualified immunity doctrine precludes him from recovering for such actions.

## 2.    Attorney Appellees' Motion to Dismiss

In ruling on Appellees' motion to dismiss, the district court found that qualified immunity not only required the court to deny Sean's motion to remand but also to grant Appellees' motion to dismiss the attorney defendants—Freeman & Freeman, P.C., Thomas Freeman, Mark Freeman, and McClure.  On appeal, Sean raises only one challenge to the district court's order granting the motion to dismiss: the district court erroneously granted the motion because Sean adequately pleaded a "fraud on the court" claim against the attorney defendants, which qualifies as an exception to Texas' qualified immunity doctrine.  Assuming *arguendo* that Sean did plead a claim for fraud on the court as opposed to a claim for common law fraud,[2] there is no indication in the record that he made a fraud-on-the-court argument before the district court in the context of Appellees' motion to dismiss.  It appears that the first time Sean made this argument was in response to Appellees' motion for summary judgment, which Sean filed several months after the district court granted Appellees' motion to dismiss.  Sean's untimely mention of this theory afforded no opportunity for the district court to consider it and thus failed to preserve that theory for appellate review.  It is well established in this circuit

---

[2] As noted by Appellees, Sean appears to assert only a claim for common law fraud, which is a distinct concept from a claim for fraud on the court. *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989).  Although Sean's allegations in the complaint essentially mirror the elements of a simple fraud claim, it can hardly be said that they "[gave] the defendant[s] fair notice" of a claim for fraud on the court. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). *Compare Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (listing the elements of fraud under Texas law) *with First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) ("To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." (internal quotation marks omitted)).

No. 12-20592

that "arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Accordingly, we find that Sean waived his right to challenge the district court's order on these grounds.

**3.     Non-Attorney Appellees' Motion for Summary Judgment**

After the district court dismissed the attorney defendants from Sean's suit, the remaining defendants—YAP, Ivey Mason, and Roger Mason—moved for summary judgment on all ten of Sean's claims. The district court granted the motion for nine of the ten claims on statute of limitations grounds and granted summary judgment on the remaining claim for "fraud and misrepresentation" because Sean had not stated a claim for fraud.

To determine whether a claim is barred by the relevant statute of limitations, a court must first determine when the claim accrued. The district court found that Sean's claims accrued on August 29, 2009, the date Sean claims his personal property was seized. However, Sean argues that his conversion claim, and only that claim, accrued on a later date. Generally, a conversion claim accrues, and the limitations period begins to run, "at the time of the unlawful taking." *Pipes v. Hemingway*, 358 S.W.3d 438, 450 (Tex. App.–Dallas 2012, no pet.). Sean relies on a Texas Court of Appeals opinion indicating that a conversion claim does not accrue at the time of the taking if the taking in itself is not unlawful and argues that under this exception the general rule of accrual does not apply to his conversion claim. *See Carpenter v. Carpenter*, No. 02-11-00266-CV, 2012 WL 2579498 at *2 (Tex. App.–Fort Worth July 5, 2012, pet. denied). Not only has Sean never alleged that Appellees' taking of his property was lawful, but he has repeatedly asserted, even as of the date of the taking, that the seizure of his property by the United States Marshals was in direct conflict with his right to immediate possession.

No. 12-20592

Clearly, Sean's claim for conversion accrued on the date of seizure—August 29, 2009.

Nine of Sean's ten claims—intrusion on seclusion, trespass to real property, trespass to personal property, theft of property, conversion, abuse of process, wrongful execution, tortious interference with contract, and replevin—have a two-year statute of limitations under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Mellon v. McCormick*, 17 S.W.3d 432, 435 n.1 (Tex. App.–Houston [1st Dist.] 2000, no pet.) (tortious interference with contract); *Matlock v. McCormick*, 948 S.W.2d 308, 311 (Tex. App. –San Antonio 1997, no pet.) (invasion of privacy); *Patrick v. Howard*, 904 S.W.2d 941, 943-44 (Tex. App.–Austin 1995, no pet.) (abuse of process). To comply with a statute of limitations, a plaintiff must file his lawsuit and serve the lawsuit on the defendant within the limitations period. *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.–El Paso 2011, no pet.). "However, if the plaintiff files suit within the limitations period but does not serve the defendant until after limitations has expired, his suit may not be time barred if the plaintiff exercised diligence in effecting service . . . ." *Id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). A plaintiff's diligence is determined by: "(1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Zacharie v. U.S. Nat. Resources, Inc.*, 94 S.W.3d 748, 754 (Tex. App.–San Antonio 2002, no pet.).

Sean filed his original complaint in state court on August 29, 2011, exactly two years after the property seizure that forms the basis of this action. Sean never served his original complaint on Appellees. On November 29, 2011, Sean filed a first amended complaint in state court. He served the first amended complaint on Appellees on various dates throughout December 2011. Assuming *arguendo* that Sean has a valid excuse for not serving Appellees

6

before early October 2011,[3] he fails to explain what steps he took between early October and early December to diligently obtain service; he offers only excuses for his lack thereof. *See Slagle*, 345 S.W.3d at 698 ("[W]hen a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing."). The district court did not abuse its discretion in concluding that all of Sean's claims other than for fraud are barred by the relevant two-year Texas statute of limitations.

As to Sean's claim for "fraud and misrepresentation," Sean argues that the claim is not for common law fraud but rather is for fraud on the court. He offers only two cases from other jurisdictions in support of his argument that a claim for fraud on the court is a cognizable claim for damages under Texas law, but neither of these actually supports his argument.[4] He failed to state a cognizable claim as a matter of law. Accordingly, the district court did not err in granting summary judgment for the non-attorney defendants.

---

[3] When Sean filed his original complaint in Texas district court on August 29, 2011, the intake clerk indicated that the service documents would be mailed to his attorney, Rocky Pilgrim. However, Rocky Pilgrim learned in "early October" that the intake clerk for the Texas district court had mistakenly not charged the service fee or mailed the documents to Rocky Pilgrim despite the fact that service had been requested.

[4] Sean asserts that the Tenth Circuit recognized fraud on the court as a tort through which damages may be collected in *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268 (10th Cir. 1995), but that conclusion is found nowhere in *Robinson*. Moreover, Sean quotes extensively from the Sixth Circuit's fraud on the court analysis in *Okros v. Angelo Iafrate Const. Co.*, 298 F. App'x 419, 427-28 (6th Cir. 2008). However, the *Okros* court never characterized fraud on the court as a cognizable claim for damages, as Sean asks the court to do here. Furthermore, *Okros* is distinguishable from the instant case in that the fraud-on-the-court claim in *Okros* involved potentially deceptive averments that the plaintiff's attorney made to the court during the course of trial, but Sean wishes this court to characterize as fraud on the court statements that Appellees made outside of court to United States Marshals before this case ever began.

No. 12-20592

**4.     Motion for Sanctions**

Appellees filed a motion for sanctions on the basis that Sean's pleadings violated Texas Rule of Civil Procedure 13.  After conducting a hearing on the motion, the district court found that Sean's allegations that Appellees caused "severe damage" to his property and prevented him from being able to sell his house, causing Sean to lose the property in foreclosure, were clearly false.  The district court granted the Rule 13 motion and awarded Appellees $2,000 in sanctions jointly and severally against Sean and his attorney.  Sean argues that the district court lacked grounds on which to grant the motion for sanctions and abused its discretion in finding his lawsuit was filed for an improper purpose.

Federal courts have the authority to issue sanctions under Texas state law when a party commits a sanctionable act in a state court action that is later removed to federal court.  *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000).  Under Rule 13, a court may impose sanctions for a groundless pleading brought in bad faith or to harass an opposing party.  Tex. R. Civ. P. 13.  It is clear that Sean's complaint contained allegations that he knew were false.  On January 5, 2010, Sean signed a settlement statement confirming that he and his mother had sold the house at 1935 Cattle Drive.  The allegation that he subsequently pled about losing the house to foreclosure was obviously false.  Sean also alleged in the complaint that Appellees caused severe damage to his house.  This, too, appears to be a blatant misrepresentation to the court because three weeks before filing the complaint Sean signed an affidavit in another suit attesting that his home had sustained little damage except for a messy kitchen.  Given Sean's flagrant misrepresentations, the district court did not abuse its discretion in granting Appellees' Rule 13 motion.

No. 12-20592

## CONCLUSION

Based on the foregoing, the district court's denial of Sean's motion to remand and grant of Appellees' motions to dismiss, for summary judgment, and for sanctions are **AFFIRMED**.