# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60431

———————

Ikechukwu Hyginius Okorie,

*Plaintiff—Appellant*,

*versus*

Andrew Foxworth; Citizens Bank; Sheila H. Smallwood, *In Her Official and Individual Capacity*; Foxworth & Shepard, P.A.; Kimberly R. Lentz, *In Her Official and Individual Capacity*; Paul S. Murphy,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:24-CV-35

———————————————————

Before Clement, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Ikechukwu Hyginius Okorie, proceeding pro se, appeals the dismissal of his claims against various defendants arising from the foreclosure sale of the property where he operated his medical clinic. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60431

I

In 2018, Royal Oaks Rental Properties, LLC ("Royal Oaks"), a real estate company wholly owned by Okorie, obtained a $1.2 million loan from Citizens Bank, secured by the property where Okorie operated his medical clinic. *Univ. Mall, LLC v. Okorie*, No. 24-CV-91, 2024 WL 4862986, at *1, 6 (S.D. Miss. Nov. 21, 2024), *aff'd*, No. 24-60605, 2025 WL 2159090 (5th Cir. July 30, 2025).[1] In January 2019, Okorie transferred the property from Royal Oaks to himself. A month later, Okorie filed for Chapter 11 bankruptcy.

In 2021, Okorie voluntarily converted his case to a Chapter 7 case, and Kimberly Lentz was appointed trustee. After conversion, the bankruptcy court granted Citizens Bank's unopposed motion for relief from the automatic stay and abandonment of the property. Okorie and Citizens Bank subsequently entered into a reaffirmation agreement that combined the property loan with an equipment loan guaranteed by Okorie. Okorie transferred the property back to Royal Oaks, and Royal Oaks executed a promissory note and deed of trust on the property. *Id.* at *6.

After Okorie defaulted on the loan, Citizens Bank initiated foreclosure proceedings through Andrew Foxworth, the acting trustee on the deed of trust. Okorie moved to enjoin the foreclosure, arguing that the automatic stay remained in effect, but the bankruptcy court denied relief. Okorie subsequently filed an action in Forrest County Chancery Court seeking to quiet title to the property. Chancellor Sheila Smallwood dismissed the case, concluding that the property was abandoned from the bankruptcy estate and

---

[1] Courts may take judicial notice of matters of public filings when ruling on a Rule 12(b)(6) motion. *See Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 688 n.9 (5th Cir. 2020).

that there was no evidence to suggest the automatic stay was still in effect. On March 28, 2024, the property was sold at a foreclosure sale.

Okorie sued Citizens Bank, Foxworth, Foxworth's law firm, Lentz, Lentz's attorney, and Chancellor Smallwood, asserting claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collections Practices Act ("FDCPA"), as well as claims for fraud on the court and intentional infliction of emotional distress. The district court dismissed Okorie's complaint, holding that his official capacity claims against Chancellor Smallwood were barred by the Eleventh Amendment and his individual capacity claims against her were barred by judicial immunity; the court lacked subject matter jurisdiction over his claims against Lentz and her attorney because Okorie failed to first obtain leave from the bankruptcy court before filing suit against them; and his claims against Citizens Bank, Foxworth, and Foxworth's law firm failed because the RESPA and the FDCPA do not apply to commercial loan transactions, these defendants were not debt collectors as defined by the FDCPA, and the fraud on the court and intentional infliction of emotional distress claims were based on vague, conclusory allegations. Okorie appeals the district court's dismissal of these claims.

II

We review de novo a district court's dismissal for either lack of subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6). *See Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). We accept all well-pled factual allegations as true and construe them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Although pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a pro se complaint "must set forth facts giving rise to a

No. 25-60431

claim on which relief may be granted," *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III

Okorie argues that the district court erred in dismissing the claims against Chancellor Smallwood on immunity grounds.

The Eleventh Amendment generally precludes citizens from suing a state in federal court unless the state waives its immunity, or the immunity is abrogated by Congress. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001). State officials sued in their official capacities enjoy immunity from suit for money damages because "such a suit is actually one against the state itself." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). Sovereign immunity does not shield state officials from suit for prospective relief designed to remedy ongoing violations of federal law, however. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). Okorie sued Chancellor Smallwood in her official capacity, but his complaint seeks only monetary damages.[2] Accordingly, the district court properly dismissed the claims asserted against Chancellor Smallwood in her official capacity.

As to Okorie's individual capacity claims against Chancellor Smallwood, the district court determined that she was protected by judicial immunity. Judges are absolutely immune from liability for judicial acts performed within their jurisdictional authority, "however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989); *see also Stump v. Sparkman*, 435 U.S.

---

[2] Okorie contends that he sought "declaratory/injunctive relief quieting title and enjoining foreclosure based on RESPA/FDCPA violations," but no such request was asserted in his complaint. We will not consider this claim as it is raised for the first time on appeal. *See Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000).

4

349, 356–57 (1978). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

Here, Okorie's individual capacity claims against Chancellor Smallwood arose out of actions taken in connection with the judicial proceedings in his quiet title case over which she presided. Okorie argues that Chancellor Smallwood's reliance on "unverified fraudulent debt evidence . . . without investigation" and in violation of a bankruptcy stay constitutes an "administrative failure," but evaluating evidence and entering orders are undoubtedly normal judicial functions. *See Boyd*, 31 F.3d at 285 ("A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." (citation modified)). His allegations that Chancellor Smallwood erred in her adjudication of his quiet title action are insufficient to deprive her of immunity. *See Stump*, 435 U.S. at 363 ("Disagreement with the action taken by the judge, however, does not justify depriving that judge of his immunity.").

Okorie also contends that Chancellor Smallwood acted in "clear absence of jurisdiction" because she "lacked authority to enforce invalid debt amid [the] bankruptcy stay." "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). It is undisputed that Chancellor Smallwood had subject matter jurisdiction over the quiet title action. *See Johnson v. Hinds Cnty.*, 524 So.2d 947, 952 (Miss. 1988) ("Claims regarding title, possession and use of land are well within the chancery court subject matter jurisdiction."). Even assuming that Chancellor Smallwood "'acted in excess of [her] authority,' she is still protected by judicial

immunity." *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005) (citation omitted).[3]

## IV

Okorie next argues that the district court erred in dismissing his claims against Lentz and her attorney under the *Barton*[4] doctrine because they engaged in ultra vires conduct.

The *Barton* doctrine provides that a bankruptcy trustee, or a bankruptcy-court-approved professional employed by the trustee, cannot be sued in district court for actions taken in the actor's official capacity without leave of the bankruptcy court. *See In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022) (citing *Villegas v. Schmidt*, 788 F.3d 156, 159 (5th Cir. 2015)). This doctrine does not apply to claims based on ultra vires acts. *Barton*, 104 U.S. at 134. "Acts are ultra vires if they are 'outside the scope of [the person's official] duties.'" *In re Foster*, No. 22-10310, 2023 WL 20872, at *5 (5th Cir. Jan. 3, 2023) (quoting *In re Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019)), *cert. denied*, 144 S. Ct. 332 (2023).

Here, it is undisputed that Okorie did not seek leave from the bankruptcy court before filing this lawsuit. Okorie's complaint also fails to allege any facts showing that Lentz and her attorney acted beyond the scope of their official duties. Although Okorie argues that the initiation of the foreclosure sale by Lentz and her attorney "despite the disputed debt and automatic stay" was an ultra vires act that exceeded their duties to protect the estate, his complaint does not allege that Lentz or her attorney initiated the property sale. Instead, his complaint generally alleges that Lentz and her

---

[3] Okorie's brief notes that "ultra vires acts" are not subject to judicial immunity, but he does not argue that Chancellor Smallwood's actions were ultra vires.

[4] *Barton v. Barbour*, 104 U.S. 126 (1881).

attorney "acquiesced and/or failed to check Citizens Bank's attempt to foreclose [his] property." But Okorie's complaint concedes these actions by Lentz and her attorney were made "in the course of their duties" as trustee and trustee's counsel respectively. Dismissal of the claims against them for lack of jurisdiction was proper.[5]

V

Okorie argues that the district court erred in determining that, because the loan at issue was a commercial loan, his complaint failed to state RESPA and FDCPA claims against Citizens Bank, Foxworth, and Foxworth's law firm. He contends that his loan is a "mixed-use loan" because of his "personal guaranty" and "the property's clinic and residence overlap" and that such loans are covered by the RESPA and the FDCPA. His arguments are foreclosed by our recent decision in the related case, *Okorie v. University Mall, L.L.C.*, No. 25-60185, 2025 WL 2604468 (5th Cir. Sept. 9, 2025), in which we affirmed the same district court's dismissal of similar RESPA and FDCPA claims brought by Okorie. There, the district court determined that Okorie did not have a valid claim under the RESPA or the FDCPA because the same loan at issue in this case was not a consumer loan covered by either statute. We rejected Okorie's argument that his "personal guaranty" and "onsite presence of his medical clinic" are sufficient facts to plausibly allege that his loan was a consumer loan because

---

[5] Okorie argues that the district court erred in denying him leave to amend his complaint because pro se plaintiffs do not need to seek *Barton* leave preemptively, but his brief provides no record cite of any request for leave to amend. *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals."). Even though his brief also mentions that "[d]ismissal without prejudice allows a cure," his claims against Lentz and her attorney were dismissed without prejudice.

No. 25-60431

"a personal guaranty, without more, does not change the commercial character of a loan." *Id.* at *2 (citations omitted). As we held in *University Mall*,[6] the district court did not err in dismissing Okorie's RESPA and FDCPA claims on this basis.[7]

## VI

Okorie argues that the district court erred in dismissing his fraud on the court claim.

The district court correctly determined that Okorie failed to assert a valid claim for fraud on the court because it is not a cause of action for damages but "a basis to set aside a judgment pursuant to Rule 60(d)(3)." While Okorie argues that "a standalone [fraud on the court] claim is viable if tied to federal claims," he cites no authority in support of his argument, ostensibly because we have never recognized this type of claim. *See Ortega v. Young Again Prods., Inc.*, 548 F. App'x 108, 113–14 & n.4 (5th Cir. 2013) (affirming dismissal of "fraud on the court" claim because plaintiff cited no authority showing "that a claim for fraud on the court is a cognizable claim for damages under Texas law"). Indeed, "no court has found that fraud on the court is an independent legal cause of action for which a plaintiff may recover damages." *Coultas v. Payne*, No. 11-cv-00045, 2016 WL 740421, at *4 (D. Or. Feb. 24, 2016); *see also Lewis v. Walker*, No. 17-6041, 2018 WL 4348063, at *4 (6th Cir. Mar. 15, 2018) (noting that courts have expressly

---

[6] Even though *University Mall* is unpublished and therefore nonbinding, it is highly persuasive given that *University Mall* involves the same plaintiff and is factually and legally identical to this case. *See Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 322 n.1 (5th Cir. 2019) (per curiam) (noting that our unpublished opinions issued after January 1, 1996, are "persuasive authority" (citing *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006))).

[7] As a result, we need not reach Okorie's argument that the district court erred in holding that Citizens Bank, Foxworth, and Foxworth's law firm are debt collectors under the FDCPA.

rejected the argument that a claim of fraud upon the court allows for an independent action for damages).

Likewise, the district court correctly held that, to the extent Okorie alleged a "traditional fraud claim," it also failed because his allegations did not meet the specificity requirements for pleading a claim of fraud under Federal Rule of Civil Procedure 9(b). "To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (citation modified). Okorie's complaint, even liberally construed, fails to satisfy this requirement. Accordingly, the district court properly dismissed Okorie's fraud claim.

## VII

Finally, Okorie argues that the district court erred in dismissing his claim for intentional infliction of emotional distress.

Under Mississippi law, a claim for intentional infliction of emotional distress requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bowden v. Young*, 120 So.3d 971, 980 (Miss. 2013) (quoting *Pegues v. Emerson Elec. Co.*, 913 F. Supp. 976, 982 (N.D. Miss. 1996)). "[M]eeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Speed v. Scott*, 787 So.2d 626, 630 (Miss. 2001) (quoting *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993)). Okorie contends that the foreclosure sale caused him lost income and reputational damage, but his complaint fails to allege outrageous or extreme conduct necessary to support an intentional infliction of emotional distress claim under Mississippi law. Dismissal of this claim was not erroneous.

No. 25-60431

\*       \*       \*

The judgment of the district court is AFFIRMED.